**MUTUAL PHARMACEUTICAL COMPANY, INC.,**
**Petitioner,**

**v.**

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW.**

Commonwealth Court of Pennsylvania.

Submitted Oct. 7, 1994.
Decided Dec. 29, 1994.

Scott F. Cooper, for petitioner.

David B. Washington, Asst. Counsel, and Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before SMITH and KELLEY, JJ., and KELTON, Senior Judge.

KELTON, Senior Judge.

Mutual Pharmaceutical Company, Inc. (Employer) petitions for review of the April 28, 1994 order of the Unemployment Compensation Board of Review, in which the Board affirmed the grant of benefits to Claimant Hasmukhab K. Patel on the basis that Claimant had voluntarily terminated her employment due to a cause of a necessitous and compelling nature under Section 402(b) of the Unemployment Compensation Law.[1]

■ The issue before us is whether Claimant established a necessitous and compelling reason for voluntarily terminating her employment as a result of alleged sexual harassment by her former supervisor.[2]

## Background

The Board found the following facts. Claimant worked for Employer from January 11, 1989 through October 25, 1993. The last position she held was Quality Assurance Inspector. During the two month period preceding her departure, Claimant, who is female, became sexually involved with a male managerial employee, Sudan Amin (the Manager). The Manager had been Claimant's supervisor until September 7, 1993 when Claimant was transferred to a different department. Claimant entered into the sexual relationship with the Manager because he had threatened her with negative work repercussions if she refused to do so. In early October 1993, Claimant's husband became aware of the situation. Claimant subsequently filed with Employer charges of sexual harassment against the Manager. Following an investigation, Employer found that the sexual relationship between Claimant and the Manager had been consensual and, therefore, determined that Claimant's charges of sexual harassment were unfounded.[3] Claimant, dis-

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

2. Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed or whether the findings of fact are supported by substantial evidence. *Dingbat's v. Unemployment Compensation Board of Review*, 123 Pa.Commonwealth Ct. 73, 552 A.2d 1157 (1989).

3. Specifically, in a formal notice of the investigation results sent to Claimant, Employer stated the following:

   Although your complaint was taken seriously and investigated (at your spouse's request), we find no merit to your complaint. To have a valid sexual harassment complaint under Title VII of the Civil Rights Act of 1964, [the Manager] would have had to make unwelcome sexual advances for the basis of employment decisions, or would have had to create a hostile working environment for you. We do not find

agreeing with Employer's results, requested on October 25, 1993 a transfer to a different shift to avoid encountering the Manager on a regular basis. Employer denied Claimant's request. Claimant voluntarily quit on October 25, 1993.

The Job Center denied Claimant benefits. The Referee reversed, holding that Claimant had voluntarily terminated her employment for a necessitous and compelling reason. In reaching his decision, the Referee found that Claimant had been sexually harassed by the Manager and that Employer had unreasonably denied Claimant's request to be transferred to a different shift.[4]

The Board affirmed, finding that Claimant had been subjected to sexual harassment by the Manager. Because Employer took no steps to alleviate the situation, the Board determined that Claimant terminated her employment for a necessitous and compelling reason.

On appeal to this Court, Employer argues that the Board's finding of sexual harassment is not supported by substantial evidence in the record. Specifically, Employer contends that the relationship between Claimant and the Manager was consensual. Further, Employer contends that the sexual relationship began after Claimant was transferred to another department. Additionally, Employer contends that the Manager had no real or apparent authority to promote or transfer Claimant. Employer emphasizes that Claimant did not report the alleged sexual harassment to Employer until Claimant's husband had discovered the relationship.

Employer also argues that, under Pennsylvania law, an employee cannot establish a necessitous and compelling cause for voluntarily quitting as a result of sexual harassment unless the employer was aware of the situation. Employer argues that Claimant,

however, did not report the situation to Employer until *after* her relationship with the Manager had ended. Further, Employer emphasizes that the alleged sexual harassment occurred outside of the workplace, beyond Employer's observation.

Employer also argues that Employer's refusal to transfer Claimant to another shift did not constitute a necessitous and compelling reason for Claimant to quit voluntarily because Claimant and the Manager were already working in separate departments and Employer had guaranteed Claimant a safe working environment.

The Board argues that substantial record evidence supports the Board's findings and that, based on those findings, the Board properly determined that Claimant had quit her job for a necessitous and compelling reason.

### DISCUSSION

█ Section 402(b) of the Law provides that a claimant is ineligible for compensation for any week in which his or her unemployment is due to a voluntary termination of employment without a cause of a necessitous and compelling nature. 43 P.S. § 802(b). The claimant bears the burden of proving a necessitous and compelling reason for voluntarily terminating the employment relationship. *Peddicord v. Unemployment Compensation Board of Review,* 166 Pa.Commonwealth Ct. 676, 647 A.2d 295 (1994).

█ A cause of a necessitous and compelling nature is one that "results from circumstances which produce pressure to terminate employment which is both real and substantial and which would compel a reasonable person under the circumstances to act in the same manner." *Taylor v. Unemployment*

---

your activities with [the Manager] to fall into any of these categories.
You are welcome to come back to work in your present position as a Quality Assurance Inspector. [The Manager] did not and will continue not to have direct supervision over you. He has been reprimanded and warned not to take any form of retaliation against you for your complaint.
(R.R. at 52.)

4. The Referee, therefore, found it unnecessary to decide Claimant's additional contention that she had good cause to leave her job because of child care problems. On appeal, the Board determined that Claimant's child care problems did not justify her voluntary quit for unemployment compensation purposes. The issue of claimant's child care problems has not been raised before this Court; therefore, we do not address it.

*Compensation Board of Review,* 474 Pa. 351, 358–59, 378 A.2d 829, 832–33 (1977).

Although, as we noted in *Peddicord,* a working definition of sexual harassment is subjective, we have held that conduct such as unwanted sexual comments and requests for sexual favors in exchange for the grant of a request go beyond what must be tolerated in the workplace. *See, e.g., Peddicord.*

■ For sexual harassment to constitute a necessitous and compelling cause for voluntarily terminating employment, this Court has held that the *claimant* must show that he or she made reasonable and prudent attempts to alleviate the harassment. *Peddicord.* Although the law does not require that the claimant report each and every incident of sexual harassment to his or her employer nor file a formal complaint, *Homan v. Unemployment Compensation Board of Review,* 107 Pa.Commonwealth Ct. 172, 527 A.2d 1109 (1987), the law does require that the claimant inform the employer of the situation. *Peddicord; D'Andrea Wine and Liquor Imports v. Unemployment Compensation Board of Review,* 161 Pa.Commonwealth Ct. 149, 636 A.2d 279 (1993).

■ Although Employer insists that the sexual relationship between Claimant and the Manager was a consensual affair, the Board specifically found credible Claimant's testimony with respect to her complaint of sexual harassment.[5] Her testimony shows that, beginning in August or September, the Manager told her to come into his office and that the Manager would touch her. (R.R. at 17, 18.) According to her testimony, she then believed that the Manager would promote her to a quality inspector. (R.R. at 17.) Claimant stated that she had sex with the Manager at her home. (R.R. at 17, 32, 41.) She stated that she had let the Manager come to her house because she was afraid of losing her job. (R.R. at 41.) The Manager did not testify.

■ Based on Claimant's credible testimony, we conclude that substantial evidence supports the Board's determination that Claimant had been subjected to sexual harassment by the Manager. In reaching our conclusion, we find irrelevant the fact that Claimant had been transferred out of the Manager's department before the sexual relations between Claimant and the Manager took place. Claimant's testimony establishes that the Manager had begun inappropriate behavior toward the Claimant before her transfer and that, after her transfer, Claimant consented to sexual relations with the Manager upon the belief that the Manager had the authority to negatively affect her job. Further, because substantial evidence supports the Board's finding relating to sexual harassment, we find insignificant the fact that Claimant did not report the sexual harassment until her husband had discovered the situation.

We believe that the record shows that Claimant then made a reasonable effort to alleviate the Manager's sexual harassment. First, Claimant testified that she complained of sexual harassment on the part of the Manager to Mike Smith, Manager of Human Resources, on October 5, 1993. (R.R. at 37.) Mr. Smith testified that Claimant informed him that the Manager promised to give her a promotion in exchange for sexual favors. (R.R. at 29.)

Employer does not dispute that, on October 5, 1993, Claimant informed Employer of the alleged sexual harassment. Employer contends only that, at that time, the sexual relationship between Claimant and the Manager had already ended. Regardless of whether the *sexual* relationship between Claimant and the Manager had ended by October 5, 1993, again, the record shows that Claimant remained fearful of the Manager. Additionally, because Claimant reported the sexual harassment on the part of the Manager to Employer, we find irrelevant the fact that the sexual relations had occurred out-

---

5. Although Claimant's testimony demonstrates a difficulty with the English language, as the party who prevailed before the Board, we must evaluate her testimony in the light most favorable to her, giving her the benefit of all logical and reasonable inferences that may be deduced therefrom. *United States Banknote Co. v. Unemployment Compensation Board of Review,* 133 Pa.Commonwealth Ct. 317, 575 A.2d 673 (1990).

side of the workplace beyond Employer's observation.

Second, Claimant's testimony shows that she requested a transfer to a different shift at that time because she feared continued sexual harassment on the part of the Manager. (R.R. at 20, 37.) Mr. Smith testified that Employer believed that the relationship between Claimant and the Manager was consensual, (R.R. at 23), and refused to transfer Claimant to another shift as against company policy. (R.R. at 31.) Contrary to Employer's assertion, there is no record evidence that Employer promised to provide Claimant with a workplace free from sexual harassment.

Based on our review of the record, we conclude that substantial evidence supports a determination that Claimant acted prudently under the circumstances in quitting her job. Therefore, we hold that Claimant is entitled to benefits under Section 402(b). Accordingly, we affirm the order of the Board.

### ORDER

**AND NOW,** this 29th day of December, 1994, the order of the Unemployment Compensation Board of Review dated April 28, 1994 at No. B–324821 is hereby affirmed.