The **MERCY HOSPITAL OF PITTSBURGH,** Petitioner,

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,** Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 9, 1994.

Decided Jan. 31, 1995.

*Workmen's Compensation Appeal Board (Williams),* 130 Pa.Commonwealth Ct. 479, 568 A.2d 981 (1989), *petition for allowance of appeal denied,* 527 Pa. 656, 593 A.2d 426 (1990).

Mary A. Traupman, for petitioner.

Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before COLINS, President Judge, KELLEY, J., and NARICK, Senior Judge.

COLINS, President Judge.

Mercy Hospital of Pittsburgh (employer) petitions for review of an order of the Unemployment Compensation Board of Review (Board) affirming a referee's decision to award benefits to William Jefferson (claimant) because he voluntarily quit work with cause of a necessitous and compelling nature (good cause), pursuant to Section 402(b) of the Unemployment Compensation Law (Law).[1] We affirm.

The facts as found by the referee are that the claimant was employed as a housekeeper

---

1. Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b).

from June 1979 through January 21, 1994. In September 1987, the claimant spent a period of time in an alcohol rehabilitation center. Upon his return to work, employees and co-workers began to call him names such as "alcoholic," "faggot," and "crazy." The name calling continued, and the claimant notified the department manager of the situation and how it was affecting him.

The manager spoke to the name callers, but the harassment continued. In August 1993, the employer gave the claimant disability leave because of the emotional stress caused by the working environment. Upon the claimant's return to work, the name calling resumed. The claimant again reported the incidents to his manager, but the harassment continued. The record also shows that the employer transferred the claimant to different units three times in an eight-year period. On January 17, 1994, the claimant submitted a one-week notice of resignation. The employer responded by offering the claimant another disability leave, which the claimant declined.

The claimant filed for unemployment compensation benefits, but the Job Center denied the request after concluding that the claimant quit because of personal dissatisfaction and because of his refusal to accept the medical leave of absence. The claimant appealed that decision to a referee who, after conducting a hearing, reversed the Job Center's determination because the years of continual harassment were good cause for quitting. On further appeal, the Board affirmed the award of benefits.

■ The employer now contends that the claimant did not have cause of a necessitous and compelling nature to quit (1) because name calling is not an overpowering circumstance that would compel a reasonable person to quit, and (2) because the claimant failed to make a reasonable effort to preserve his employment. *Malloy v. Unemployment Compensation Board of Review*, 105 Pa.Commonwealth Ct. 183, 523 A.2d 834 (1987). Necessitous and compelling cause for voluntarily leaving employment results from circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner. *Taylor v. Unemployment Compensation Board of Review*, 474 Pa. 351, 378 A.2d 829 (1977).

■ Our scope of review is limited to a determination of whether constitutional rights have been violated, an error of law has been committed, or whether any finding of fact made by the Board and necessary to support its adjudication is not supported by substantial evidence. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986). Questions of credibility and evidentiary weight are left to the Board. *Peak v. Unemployment Compensation Board of Review*, 509 Pa. 267, 501 A.2d 1383 (1985). The prevailing party has the benefit of all reasonable inferences drawn from the evidence, and we are bound by findings of fact supported by substantial evidence. *Taylor.*

■ Harassment by fellow workers can constitute good cause for voluntarily quitting if the claimant has informed his supervisor of the existence of such harassment; the claimant must give the employer an opportunity to understand the nature of his objection before resigning. *Colduvell v. Unemployment Compensation Board of Review*, 48 Pa.Commonwealth Ct. 185, 408 A.2d 1207 (1979). Excessive taunting can create a hostile work environment, and the referee found that the harassment caused the claimant mental stress. The claimant's testimony, which the employer does not challenge, indicates that he was subjected to repeated incidents of harassment that prompted him to apprise the employer a number of times of the situation. Nevertheless, the harassment continued.

The employer argues that the claimant failed to make a reasonable effort to preserve employment because he did not accept a medical leave of absence. However, the harassment continued after the claimant's first leave of absence, and there is no evidence that a second leave of absence for the claimant would alter the behavior of his co-workers. Therefore, because the pressure to terminate employment was real and substantial, and because the employer could not alleviate the harassment after the claimant

provided the requisite notice, the Board did not err in concluding that the claimant had good cause for voluntarily quitting.

Accordingly, we affirm the decision of the Board.

### ORDER

AND NOW, this 31st day of January, 1995, the order of the Unemployment Compensation Board of Review, in the above-captioned matter, is affirmed.