Eva COMITALO, Petitioner,

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW,**
Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs May 14, 1999.

Decided Aug. 25, 1999.

Joanne Rathgeber, Doylestown, for petitioner.

Jennifer LaPorta Baker, Harrisburg, for intervenor, Giant Food Stores.

Before SMITH, J., KELLEY, J., MIRARCHI, Jr., Senior Judge.

SMITH, Judge.

Eva Comitalo (Petitioner) petitions the Court for review of an order of the Unemployment Compensation Board of Review (Board) that reversed the decision of the referee who granted benefits to Petitioner after finding that she quit work with cause of a necessitous and compelling nature pursuant to Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended,* 43 P.S. § 802(b). Section 402(b) of the Law provides that an employee shall be ineligible for compensation for any week in which the employee's unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. Petitioner questions whether the Board erred as a matter of law in determining that she did not have cause of a necessitous and compelling nature for leaving her employment.

## I

Petitioner was employed in the bakery department of Giant Food Stores (Employer) in its Horsham location for five months as a cake decorator. Her final day of work was January 6, 1998. During the course of her employment, Petitioner experienced repeated sexual harassment from the bakery manager Michael Andrae (Andrae). In addition to making lewd and suggestive comments to her, Andrae would sometimes touch or grab Petitioner in an offensive manner, and on one occasion he penned her against a wall. She requested Andrae to stop this behavior, but the harassment continued.[1] After Andrae left a suggestive note on Petitioner's windshield, her husband complained to Employer. Employer took no action, and upon further complaints by Petitioner's husband, Employer suggested that they complain to the human resources department. Petitioner filed a complaint, and after investigation and an apparent finding that Andrae committed sexual harassment against Petitioner as charged, he was suspended from December 23, 1997 until his transfer to the bakery manager's position in Employer's Warminister store on January 5, 1998. During his suspension Andrae returned to Petitioner's store in a drunken state and accused her of lying. Petitioner did not report this incident to Employer, but she believed that Andrae was permitted to return to her store at any time.

Bob Saraullo (Saraullo), the bakery manager from the Warminister store, was transferred to Petitioner's store to replace Andrae. During the first two days of his transfer, Saraullo repeatedly yelled at Petitioner and constantly criticized her. Petitioner believed that Saraullo acted in retaliation against her for his transfer to the Horsham store caused by her sexual harassment complaint. Other employees criticized Petitioner as well for filing the complaint against Andrae. On January 6, 1998, Petitioner informed Jim O'Connor

---

1. The referee admitted without objection notarized affidavits from four female employees who recounted numerous instances of obscene and lewd behavior perpetrated by Andrae, which included his suggestion to an employee that she perform oral sex, his comments about touching various female employee body parts, his offer to perform sexual relations and his references to female employees as "sluts." Petitioner's Ex. C–3.

(O'Connor), the assistant store manager, about the behavior of Saraullo and the other employees, and she offered to give her notice of resignation. O'Connor suggested instead that Petitioner take a few days off and that she "stick it out" until things calmed down; he did not offer, however, to protect Petitioner from any further harassment. Petitioner took off work on January 7 and 8 and thereafter refused to return to work.

■ The referee concluded that Petitioner left her employment for cause of a necessitous and compelling nature due to the hostile work environment and that Employer failed to sufficiently resolve the situation and to prevent further harassment against Petitioner. She therefore was entitled to benefits. The Board reversed the referee, reasoning that Petitioner was ineligible for unemployment compensation because Employer took steps to resolve the sexual harassment against her by transferring Andrae and because Petitioner did not give Employer time to remedy her complaints about Saraullo and the other employees. The Court's review of the Board's order is limited to determining whether its findings of fact are supported by substantial evidence in the record, whether an error of law was committed or whether constitutional rights were violated. *Chamoun v. Unemployment Compensation Board of Review*, 116 Pa.Cmwlth. 499, 542 A.2d 207 (1988).

## II

■ Whether an employee has cause of a necessitous and compelling nature to quit employment is a legal conclusion subject to appellate review. *Anchor Darling Valve Co. v. Unemployment Compensation Board of Review*, 143 Pa.Cmwlth. 171, 598 A.2d 647 (1991). In order to show necessitous and compelling cause, "[t]he claimant must establish that: 1) circumstances existed which produced real and substantial pressure to terminate employment; 2) like circumstances would compel a reasonable person to act in the same manner; 3) she

acted with ordinary common sense; and 4) she made a reasonable effort to preserve her employment." *Fitzgerald v. Unemployment Compensation Board of Review*, 714 A.2d 1126, 1129 (Pa.Cmwlth.1998), *appeal denied*, —— Pa. ——, —— A.2d —— (No. 839 M.D. Alloc. Dkt., filed April 28, 1999). Harassment can constitute a necessitous and compelling cause to leave one's employment. *Homan v. Unemployment Compensation Board of Review*, 107 Pa. Cmwlth. 172, 527 A.2d 1109 (1987).

Petitioner argues that Employer took no effective remedial action against Andrae's sexual harassment and that Employer's nonfeasance is demonstrated by the fact that Andrae was allowed to return to Petitioner's store after his transfer to make disparaging comments about Petitioner. Petitioner also argues that her failure to report Andrae's return to the store after his transfer does not defeat her claim, citing *Mutual Pharmaceutical Co., Inc. v. Unemployment Compensation Board of Review*, 654 A.2d 37 (Pa.Cmwlth.1994), where the Court held that an employee who quits due to sexual harassment is not required to report each and every incident to the employer. Furthermore, in *Mercy Hospital v. Unemployment Compensation Board of Review*, 654 A.2d 264 (Pa. Cmwlth.1995), the Court held that co-worker harassment may constitute good cause for an employee to quit his or her employment so long as the employee has informed supervisory staff of the existence of the co-worker harassment.

Additionally, Petitioner asserts that Employer's action to remedy the harassment against her was insufficient, where Employer merely transferred Andrae to another store as bakery manager with continued access to Petitioner's store and where it took no action to resolve the retaliatory harassment of Petitioner by Saraullo or the hostile conduct of her co-workers. Moreover, the record is devoid of any evidence that the harassment would have ceased had she returned to work. To buttress her claim of nonfeasance, Peti-

tioner noted Andrae's extensive history of sexual harassment of other female employees at the Horsham store, her store manager's statement that Andrae was permitted to return to the store at any time and the failure of Employer to appropriately discipline Andrae or Saraullo for their conduct.[2] Petitioner specifically challenges the Board's findings that Employer took proper steps to resolve the harassment against her and that she quit solely because of Saraullo's retaliatory harassment. She posits that the Board disregarded undisputed evidence in the record that Andrae was allowed to return to her store after his transfer and her testimony that a confluence of events caused her to quit, including Andrae's sexual harassment and Employer's hesitant response thereto followed by Saraullo's retaliatory harassment and her co-workers' hostile behavior.

Employer nonetheless counters that Petitioner's challenges are based on findings made by the referee which differ from those made by the Board as the ultimate factfinder and that Petitioner's analysis of the evidence is improper and contrary to the law. Employer cites *Ryan v. Unemployment Compensation Board of Review*, 120 Pa.Cmwlth. 80, 547 A.2d 1283 (1988), for the proposition that where the Board's findings of fact are supported by substantial evidence, they are binding on the Court even though evidence to the contrary may exist in the record. It argues that the Board's finding that proper steps were taken by Employer to resolve the harassment against Petitioner is in fact supported by substantial evidence. In particular, Employer maintains that Andrae's transfer out of Petitioner's store and the lack of evidence to prove that his new position carried greater financial reward as she contended indicate that the Board's findings are supported in the record.

Before quitting, Petitioner advised O'Connor about Saraullo's retaliatory harassment and the hostile behavior of her co-workers, but O'Connor merely suggested that Petitioner take time off to allow the situation to settle down rather than taking immediate action under the circumstances presented to protect Petitioner from further harassment. Employer postulates that O'Connor's response was appropriate and that Petitioner had the burden to take steps to retain her job. Notwithstanding Employer's position, Petitioner believed that Employer would not sufficiently remedy her current situation in view of Employer's earlier response and the failure of O'Connor to indicate that Employer would act to resolve the current harassment against her. The Court cannot say that these circumstances would not produce real and substantial pressure to terminate one's employment and would not compel a reasonable person to act any differently.

▮ In order to demonstrate sexual harassment as cause of a necessitous and compelling nature to quit employment, an employee must present evidence of reasonable and prudent efforts to alleviate the harassment. *See Johnson v. Unemployment Compensation Board of Review*, 725 A.2d 212 (Pa.Cmwlth.1999) (citing *Peddicord v. Unemployment Compensation Board of Review*, 166 Pa.Cmwlth. 676, 647 A.2d 295 (1994)). On the other hand, the Court made it clear in *Peddicord, Mutual Pharmaceutical Co.* and *Mercy Hospital* that there is a certain level of conduct that an employee will not be required to tolerate and that the Court will not place all responsibility upon an employee to resolve his or her work dilemma. Ultimately the employer bears the responsibility for eliminating harassment against employees in the workplace. An employer policy exist-

2. Petitioner also argues that the Board capriciously disregarded evidence. However, the capricious disregard test applies only where the burdened party is the sole party to present evidence but does not prevail before the agen-

cy. *See Van Duser v. Unemployment Compensation Board of Review*, 164 Pa.Cmwlth. 96, 642 A.2d 544 (1994). Because both parties presented evidence, the substantial evidence test applies. *Chamoun.*

ed here that prohibited sexual harassment of employees and retaliation against an employee for having complained of such harassment. The evidence does not support the Board's finding that Employer took proper steps necessary to enforce its policy to eliminate harassment against Petitioner, whether by Andrae or by Saraullo and Petitioner's co-workers. Accordingly, because the Board committed an error of law in determining that Petitioner did not have cause of a necessitous and compelling nature to quit her job, the Court reverses the Board and reinstates the decision of the referee.

### ORDER

AND NOW, this 25th day of August, 1999, the order of the Unemployment Compensation Board of Review is reversed, and the referee's decision granting unemployment compensation benefits to Eva Comitalo is reinstated.