# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edna Davis, : 
     Petitioner :
:
  v. : No. 339 C.D. 2017
: Submitted: September 22, 2017
Unemployment Compensation :
Board of Review, :
     Respondent :

BEFORE: HONORABLE P. KEVIN BROBSON, Judge
     HONORABLE MICHAEL H. WOJCIK, Judge
     HONORABLE J. WESLEY OLER, JR., Senior Judge

*OPINION NOT REPORTED*

**MEMORANDUM OPINION**
**BY JUDGE BROBSON**     **FILED:  December 11, 2017**

Edna D. Davis (Claimant), acting *pro se*, petitions for review of an order of the Unemployment Compensation Board of Review (Board), which affirmed an Unemployment Compensation Referee's (Referee) decision, denying Claimant unemployment compensation benefits pursuant to Sections 401(d)(1) and 402(b) of the Unemployment Compensation Law (Law).[1] We now affirm.

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 801(d)(1) and 802(b).  Section 401(d)(1) of the Law provides, in part, that compensation shall be payable to any employee who is "able to work and available for suitable work."  Section 402(b) of the Law provides, in part, that a claimant "shall be ineligible for compensation for any week" in which the claimant's "unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature."

Claimant filed for unemployment compensation benefits after she ceased employment with GGNSC (Employer), with her last day of employment being September 8, 2016. (Certified Record (C.R.), Item No. 5.) The Erie UC Service Center (Service Center) issued a determination finding Claimant eligible for benefits. (*Id.*) Employer appealed this determination. (C.R., Item No. 6.) A Referee conducted a hearing on December 1, 2016, at which neither party appeared. (C.R., Item No. 9.) As neither party attended the hearing, the substance of the hearing involved the Referee identifying the documents made available to him, including a document entitled "Claimant's questionnaire," and entering them into the record. Following the hearing, the Referee issued a decision and order, reversing the Service Center's determination and finding Claimant ineligible for benefits pursuant to Sections 401(d)(1) and 402(b) of the Law.[2] (C.R., Item No. 10.)

Claimant appealed the Referee's decision to the Board, and the Board affirmed. (C.R., Item Nos. 11, 12.) The Board concluded that Claimant failed to

---

[2] Section 101.51 of the Unemployment Compensation Board of Review regulations, 34 Pa. Code § 101.51, pertaining to absence of a party at a hearing before a referee, provides:

> If a party notified of the date, hour and place of a hearing fails to attend a hearing without proper cause, the hearing may be held in his absence. In the absence of all parties, the decision may be based upon the pertinent available records. The tribunal may take such other action as may be deemed appropriate.

Thus, it was within the Referee's discretion to render a decision upon the pertinent available records or to reschedule a hearing where, as here, both parties did not appear at a hearing. *See Clairton Mun. Auth. v. Unemployment Comp. Bd. of Review*, 639 A.2d 921, 923 (Pa. Cmwlth. 1994).

Furthermore, we note that Claimant, in her brief, claims that she "showed up at the court hearing to show supporting documentations to plead as of why [she is] no longer employed on the job GGSNC[,] and on that day [she] was told [she] cannot be seen by the judge." (Claimant's Br. at 8.) The record shows that the hearing began promptly at 11:00 a.m. The Referee introduced documents and concluded the hearing at 11:01 a.m., without any party having arrived. Claimant does not indicate when she arrived, and she did not request a remand.

establish her ability and availability for suitable work and failed to establish cause of a necessitous and compelling nature to quit. In so doing, the Board issued the following findings of fact:

1. GGNSC employed the claimant.
2. The claimant voluntarily terminated her employment.

(C.R., Item No. 13 at 1.) With regard to Claimant's ability and availability for suitable work, the Board reasoned:

> When applying for benefits, the claimant provided the [Department of Labor and Industry] with contradictory information regarding her ability and availability for suitable work. Notably, the claimant stated that she is "not able to work due to [her] medical condition[.]" The Board concludes that in light of the claimant's admission and contradictory information, the presumption of ability and availability for work has been rebutted. The claimant failed to present competent evidence that she is able and available for suitable work. Therefore, the Board concludes the claimant is ineligible for benefits under Section 401(d)(1) of the Law.

(*Id.* at 2.) With regard to Claimant's failure to establish that she resigned from her work due to cause of a necessitous and compelling nature, the Board reasoned:

> When applying for benefits, the claimant admitted to the [Department of Labor and Industry] that she took a leave of absence. Under the Law, a leave of absence constitutes a voluntary termination of one's employment. The claimant failed to present competent evidence establishing a necessitous and compelling reason for voluntarily terminating her employment. Therefore, the Board concludes the claimant is ineligible for benefits under Section 402(b) of the Law.

(*Id.*)

3

On appeal to this Court,[3] Claimant appears to argue that the Board erred as a matter of law in determining that (1) Claimant voluntarily quit her employment without a necessitous and compelling reason, and (2) Claimant was not able and available for suitable work. Specifically, Claimant argues that she is unemployed due to a lack of work stemming from a medical condition, and she was able and available for suitable work commensurate with her medical restrictions.

We will first address Claimant's argument that the Board erred in determining Claimant voluntarily quit her employment without necessitous and compelling cause. Whether a claimant had cause of a necessitous and compelling nature for leaving work is a question of law subject to this Court's review. *Wasko v. Unemployment Comp. Bd. of Review*, 488 A.2d 388, 389 (Pa. Cmwlth. 1985). A claimant who voluntarily quits her employment bears the burden of proving that necessitous and compelling reasons motivated that decision. *Fitzgerald v. Unemployment Comp. Bd. of Review*, 714 A.2d 1126, 1129 (Pa. Cmwlth. 1998), *appeal denied*, 794 A.2d 364 (Pa. 1999). In order for a claimant to establish cause of a necessitous and compelling nature, she must show: (1) the existence of circumstances that created real and substantial pressure to leave employment; (2) that such circumstances would compel a reasonable person to leave employment; (3) that she acted with common sense; and (4) that she made a reasonable attempt to continue her employment. *Comitalo v. Unemployment Comp. Bd. of Review*, 737 A.2d 342, 344 (Pa. Cmwlth. 1999).

---

[3] This Court's standard of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, or whether necessary findings of fact are supported by substantial evidence. Section 704 of the Administrative Agency Law, 2 Pa. C.S. § 704.

Here, Claimant asserted in her questionnaire that she was unable to perform her job function due to a medical condition and that she would only be able to work light duty. (C.R., Item No. 2.) There is no evidence in the record, however, to establish that Claimant made a reasonable attempt to preserve her employment or that she met the other requirement for a necessitous and compelling cause to quit. *See Comitalo*, 737 A.2d at 344. In fact, we note that Employer indicated on "Employer's Notice of Application/Request for Separation and Wage Information" form that Claimant was a no call/no show; she . . . abandoned her job." (C.R., Item No. 3.)[4] Accordingly, the Board did not err in concluding that Claimant is ineligible for benefits under Section 402(b) of the Law, as she failed to establish that she voluntarily quit her employment with cause of a necessitous and compelling nature.

Because we conclude that the Board did not err in denying Claimant benefits based on Section 402(b) of the Law, we need not consider whether the Board erred in determining that Claimant was ineligible for benefits under Section 401(d)(1) of the Law.[5]

---

[4] We note that Claimant's brief contains documents regarding her medical condition and treatment that are not part of the certified record created during the hearing. Documents attached to a brief as an appendix or reproduced record may not be considered by an appellate court when they are not part of the certified record. *B.K. v. Dep't of Pub. Welfare*, 36 A.3d 649, 657 (Pa. Cmwlth. 2012). Accordingly, these documents will not factor into this Court's analysis.

[5] This Court previously held:

The burden of proving availability for suitable work is on the claimant. An unemployed worker who registers for unemployment is presumed to be able and available for work. This presumption is rebuttable by evidence that a claimant's physical condition limits the type of work he is available to accept or that he has voluntarily placed other restrictions on the type of job he is willing to accept. If the presumption of availability is rebutted, the burden shifts to the claimant to produce

5

Accordingly, the order of the Board is affirmed.



P. KEVIN BROBSON, Judge

---

evidence that he is able to do some type of work and that there is a reasonable
opportunity for securing such work.

*Rohde v. Unemployment Comp. Bd. of Review*, 28 A.3d 237, 243 (Pa. Cmwlth. 2011) (citations
omitted). Here, as noted by the Board, Claimant indicated in her questionnaire that she is "not
able to work due to [her] medical condition," thus rebutting the presumption of her ability and
availability for work. (*See* C.R., Item No. 2.) The burden then shifted to Claimant to prove that
she is able to do some type of work and that there is a reasonable opportunity for securing such
work. There is no evidence of record regarding whether she has such ability and opportunity. For
that reason, were we to consider whether Claimant was "able to work and available for suitable
work" under Section 401(d)(1) of the Law, we would conclude that the Board did not err in
concluding that Claimant failed to meet her burden and, therefore, determining Claimant was
ineligible for benefits under that section.

6

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Edna Davis,                         :
              Petitioner      :
                              :
        v.                       :    No. 339 C.D. 2017
                              :
Unemployment Compensation    :
Board of Review,                  :
             Respondent    :

## *O R D E R*

AND NOW, this 11th day of December, 2017, the order of the Unemployment Compensation Board of Review is hereby AFFIRMED.

---
P. KEVIN BROBSON, Judge