636 A.2d 279

**D'ANDREA WINE & LIQUOR IMPORTS, Petitioner,**

v.

**UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.**

Commonwealth Court of Pennsylvania.

Submitted Oct. 8, 1993.

Decided Dec. 30, 1993.

150

Patrick J. Thomassey, for petitioner.

Clifford F. Blaze, Deputy Chief Counsel, for respondent.

Before DOYLE and FRIEDMAN, JJ., and RODGERS, Senior Judge.

FRIEDMAN, Judge.

D'Andrea Wine & Liquor Imports, Inc. (Employer) appeals an order of the Unemployment Compensation Board of Review (Board) which reversed the referee's decision and granted benefits to Donna Knight (Claimant) on the basis that she voluntarily quit her job for cause of a necessitous and compelling nature. We affirm.

The facts, as found by the Board, are as follows:

1. Claimant was last employed as a bookkeeper by D'Andrea Wine & Liquor Imports, Inc. from June 1991, at a final rate of $8 per hour and her last day of work was July 14, 1992.

2. The claimant had previously worked for the employer as an employee from February, 1991 to March, 1991, and had voluntarily terminated her employment due to sexual harassment by the employer.

3. The claimant was subsequently offered subcontracting work by the employer, accepted the offer, and worked for the employer as a subcontractor from March, 1991, thru May, 1991.

4. At the time the claimant started back with the employer, there were no instances of sexual harassment.

5. At the end of May, 1991, upon completion of her subcontracting work, the claimant requested that the employer keep her on as an employee, and the claimant was hired to work three days per week by the employer.

6. The employer subsequently assigned the claimant to work for Tri State Liquor Company, a company owned by

the employer's sons, even though the employer would continue to pay the claimant, and the claimant came under the supervision of one of the employer's sons.

7. On May 29, 1992, the employer grabbed the claimant and began kissing her. He stopped this harassment when claimant demanded that he stop this behavior.

8. On July 14, 1992, the claimant finished her work after being sexually harassed [1] and then voluntarily quit her employment.

Board Decision, April 8, 1993 (footnote added).

On appeal,[2] Employer contends that the Board capriciously disregarded competent evidence and erred in reversing the referee's decision. Employer misconstrues our standard of review. Where, as here, both parties testify, we must determine whether substantial evidence in the record, taken as a whole, supports the findings of the Board, *Peak v. Unemployment Compensation Board of Review*, 509 Pa. 267, 501 A.2d 1383 (1977), not whether the Board capriciously disregarded the evidence.

Section 402(b) of the Unemployment Compensation Law (Law), Act of December 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §§ 802(b) provides in pertinent part:

An employe shall be° ineligible for compensation for any week—

. . . .

(b) In which [her] unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. . . .

1. As to this incident of sexual harassment, Claimant alleged that Employer reached into her shirt and bra, petted her chest and said, "Didn't that get your blood going." R.R. at 23a, 24a.

2. Our scope of review is limited to determining whether constitutional rights have been violated, whether an error of law has been committed, or whether necessary findings of fact made by the Board are supported substantial evidence. *Estate of McGovern v. State Employees' Retirement Board*, 512 Pa. 377, 517 A.2d 523 (1986).

The burden of proving that the termination resulted from cause of a necessitous and compelling nature rests with the employee. *Charles v. Unemployment Compensation Board of Review,* 122 Pa.Commonwealth Ct. 439, 552 A.2d 727 (1989).

■ A necessitous and compelling cause for voluntarily leaving employment arises when circumstances "produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner." *Taylor v. Unemployment Compensation Board of Review,* 474 Pa. 351, 359, 378 A.2d 829, 832–33 (1977).

Prior cases of this court have held that in order to prove that a claimant has used common sense in voluntarily quitting her employment as a result of sexual harassment, she must show that she made her employer aware of the harassment. *St. Barnabas, Inc. v. Unemployment Compensation Board of Review,* 106 Pa.Commonwealth Ct. 191, 525 A.2d 885 (1987).

■ Here, Claimant demanded that Employer stop his sexually harassing behavior on May 29, 1992. Apparently, over a month elapsed before the behavior began again. When, on July 14, 1992, Employer again sexually harassed her, she did not need to again tell him that this behavior was abhorrent to her. At the time of the May 29, 1992 incident, Claimant acted reasonably by demanding that Employer stop his behavior and put him on notice that she would not tolerate such behavior in the future.

Employer argues that the father who was conducting the harassing behavior was not the appropriate person to whom to complain. However, the record indicates that he was the head of the business and also the person doing the harassing, that the line of authority between Claimant and the son was not clear and that Claimant reasonably believed that speaking to the son would have made no difference.

Our review of the record convinces us that substantial evidence supports the Board's conclusions. Accordingly, we affirm.

## *ORDER*

AND NOW, this 30th day of December, 1993, the order of the Unemployment Compensation Board of Review, dated April 8, 1993, is affirmed.