**Lana JOHNSON, Petitioner,**

**v.**

**UNEMPLOYMENT COMPENSATION
BOARD OF REVIEW,
Respondent.**

Commonwealth Court of Pennsylvania.

Submitted on Briefs Nov. 6, 1998.

Decided Jan. 28, 1999.

J. Lawrence Hajduk, Markleysburg, for petitioner.

Robin A. Hensinger, Harrisburg, for respondent.

Before COLINS, President Judge, and SMITH, J., and MIRARCHI, Jr., Senior Judge.

SMITH, Judge.

Lana Johnson (Claimant) petitions for review of an order of the Unemployment Compensation Board of Review (Board) affirming the decision of the referee that Claimant was not eligible for unemployment compensation benefits. Claimant questions whether the Board and the referee erred in failing to find that lesbian sexual harassment to which Claimant was exposed was not a necessitous and compelling reason for Claimant to quit her job and whether the Board and the referee failed to follow state and federal precedent regarding the reporting of sexual harassment when the harasser is in a position of authority over the victim.

Claimant was last employed by Pizza People, Inc. (Employer) for approximately five months as an assistant manager of one of Employer's Domino's Pizza stores. The referee credited the testimony of Claimant and found that during her employment, Employer's female store manager engaged in what the referee referred to as "horse play" with other employees that tended to have lesbian sexual overtones. On some occasions, Claimant also initiated horse play with lesbian sexual overtones.

Approximately two to three months before Claimant quit her job, the store manager began to make sexual advances toward Claimant that included giving her gifts, making comments about her body and touching her in sexually suggestive ways. Several weeks before she quit, Claimant informed the store manager that she objected to the sexual advances and that she wanted no more gifts. She also threatened to quit if those advances persisted. The store manager agreed to change her conduct and to discontinue unwanted touching of Claimant; however, Claimant experienced repeated occurrences of this conduct. Claimant made no complaints about the store manager's conduct to any of Employer's higher-level managerial employees. Immediately prior to quitting her job, Claimant got married; she worked one day after her marriage, reported off for several consecutive days and then resigned as of January 22, 1998. Claimant did not cite sexual harassment as a reason for leaving.

The referee reasoned that sexual harassment can constitute cause of a necessitous and compelling nature for resigning employment but that the law requires a claimant to take reasonable and prudent steps to alleviate the problem and thus attempt to preserve the employment relationship before resigning to be eligible for unemployment compensation benefits. The referee determined that because Claimant admitted she did not attempt to inform any Employer representative who had authority over the store manager, Claimant failed to meet her burden of proving that she was entitled to benefits. The Board affirmed.[1]

 Section 402(b) of the Unemployment Compensation Law (Law)[2] provides that an employee shall be ineligible for compensation for any week in which unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature. It is now established that sexual harassment can constitute a necessitous and compelling cause. *Homan v. Unemployment Compensation Board of Review*, 107 Pa. Cmwlth. 172, 527 A.2d 1109 (1987). Additionally, the claimant bears the burden of proving that he or she took common sense action, or reasonable and prudent steps, to alleviate the problem in order to avoid leaving the job. *Colduvell v. Unemployment Compensation Board of Review*, 48 Pa. Cmwlth. 185, 408 A.2d 1207 (1979).

Claimant contends that the Board erred in failing to determine that the same-sex sexual harassment she experienced was, in itself, a necessitous and compelling reason to quit her

1. The Court's review is limited to a determination of whether an error of law or constitutional violation was committed and whether necessary findings of fact are supported by substantial evidence of record. *Lausch v. Unemployment Compensation Board of Review*, 679 A.2d 1385 (Pa. Cmwlth.1996), *appeal denied*, 547 Pa. 745, 690 A.2d 1164 (1997).

2. Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

job. Claimant asserts her view that the same-sex nature of the conduct at issue made it more offensive and embarrassing than sexual harassment of the opposite-sex nature. Nevertheless, Claimant has offered no legitimate reason why the burden of proving entitlement to benefits should be different for same-sex conduct that constitutes sexual harassment than it is for opposite-sex conduct of this sort. The Board drew no distinctions in its analysis of the issue, and because this Court has not been made aware of any, it will not either.

Claimant cites two cases recently decided by the United States Supreme Court as precedent and contends that these cases neatly fit the present circumstances: *Oncale v. Sundowner Offshore Servs., Inc.*, 523 U.S. 75, 118 S.Ct. 998, 140 L.Ed.2d 201 (1998), and *Burlington Industries, Inc. v. Ellerth*, 524 U.S. 742, 118 S.Ct. 2257, 141 L.Ed.2d 633 (1998). These cases do not fit either the facts or the issue presented here, as they concern individuals who sought remedies under Section 703 of Title VII of the Civil Rights Act of 1964, 42 U.S.C. § 2000e–2. Although both cases involved conduct alleged to be in the nature of sexual harassment, neither case addressed the burden of proving entitlement to unemployment compensation benefits, and, for this reason, they are neither controlling nor persuasive here.

Claimant also argues that she is not required to take actions to alleviate harassment when such actions would be futile. Claimant contends that the circumstances here are factually similar to those in *Peddicord v. Unemployment Compensation Board of Review*, 166 Pa.Cmwlth. 676, 647 A.2d 295 (1994). There the Court determined that the claimant reasonably believed that reporting the offensive conduct to her supervisor would have been futile because the claimant's immediate supervisor, who was an employer representative responsible for receiving sexual harassment complaints, witnessed a blatant incident of sexual harassment that the claimant had suffered but did not react to it. The Court also determined that upper-level employees perpetrated and witnessed conduct that constituted sexual harassment and that the claimant was therefore justifiably reticent to supersede the authority of one higher-level manager who perpetrated such conduct toward her. *Id.*

The Court concluded in *Peddicord* that the claimant did not fail to take common sense action to preserve her employment; she successfully demonstrated that she reasonably believed her employer would have taken no action to prevent her leaving the job, and therefore she was entitled to benefits. In contrast, Claimant did not show that any employee responsible for sexual harassment complaints witnessed the conduct at issue or that any reason existed to warrant her reticence in superseding the store manager's authority.[3] Claimant admitted that she made no attempt to alleviate the problem by approaching anyone other than the store manager. *See also D'Andrea Wine and Liquor Imports v. Unemployment Compensation Board of Review*, 161 Pa.Cmwlth. 149, 636 A.2d 279 (1993), relied upon by Claimant, which is factually distinguishable and nonpersuasive.

■ The Board argues that Claimant should have used the procedure that Employer established for reporting sexual harassment complaints. However, the Board made no findings of fact concerning this procedure or whether Claimant knew of the procedure. Nonetheless, the duty to take common sense action to alleviate the problem of sexual harassment in order to avoid leaving one's job would, in the absence of other circumstances, necessarily include reporting complaints of sexual harassment to an employer representative other than the perpetrator of the conduct when the perpetrator is subject

---

3. Claimant asserts that her former co-worker testified to experiencing similar conduct perpetrated by the store manager and that when the co-worker reported the conduct to Employer, her hours were decreased for doing so. At the same time, the Board asserts that the former employee complained to the area supervisor and that following the complaint, the store manager's offensive behavior ended. This testimony supports the Board's position because it demonstrated that Employer took action to stop the offensive conduct. The referee, however, made no finding of fact based on this testimony, and thus it is not known whether this testimony was found to constitute credible evidence.

to the employer's supervision. The Court notes that Claimant was scheduled to meet with an area supervisor on the day she quit and that she failed to attend the meeting. Accordingly, the Court concludes that the Board did not err in determining that Claimant failed to sustain her burden of proof, and the Board's order is therefore affirmed.

### ORDER

AND NOW, this 28th day of January, 1999, the order of the Unemployment Compensation Board of Review is hereby affirmed.