Dawn MARTIN, Petitioner,

v.

UNEMPLOYMENT COMPENSATION BOARD OF REVIEW, Respondent.

Commonwealth Court of Pennsylvania.

Submitted on Briefs Dec. 17, 1999.
Decided March 28, 2000.

**542**

Colleen Marsini, Media, for petitioner.

Aileen M. Devine and George P. Cordes, Media, for intervenor, Community Action Agency of Delaware County, Inc.

Before SMITH, J., FLAHERTY, J., and JIULIANTE, Senior Judge.

SMITH, Judge.

Dawn Martin petitions for review of a decision of the Unemployment Compensation Board of Review (Board) that reversed a referee's decision to grant Martin unemployment compensation benefits under Section 402(b) of the Unemployment Compensation Law (Law), Act of Decem-

ber 5, 1936, Second Ex.Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).[1] The issues presented are whether Martin acted with common sense when she failed to inform the Community Action Agency of Delaware County, Inc. (Employer) of sexual harassment perpetrated against Martin by her immediate supervisor prior to resigning and whether the verbal harassment experienced by Martin constituted a necessitous and compelling cause for her resignation.

### I.

In January 1993 Martin was hired by Employer as a receptionist. In June 1996 Martin was promoted to the position of site manager in Employer's social services program (Program). Rodney Coley was Coordinator of the Program and became Martin's direct supervisor. Coley was responsible for ensuring that certain reports were submitted in a timely manner by Employer's managers. Coley would then compile the reports into a monthly report which would be submitted to Edward Coleman, Executive Director of the Program. As site manager, Martin was responsible for submitting reports to Coley, and Martin did not always submit her reports in a timely manner. Martin and Coley worked in offices located several miles apart, and Coley frequently visited the office in which Martin worked.

During 1997 Coley asked Martin out on dates, touched her breasts and buttocks on numerous occasions, propositioned her and offered her money to be his mistress. In November 1997 Martin complained to Coley's immediate supervisor, Sharon Grasty, Director of the Program. Martin alleged that Coley harassed her in the manner in which he communicated his requests for her timely submission of reports. Martin described the harassment as repeated telephone calls regarding the reports and verbal abuse. Martin did not disclose Coley's

---

**1.** Section 402(b) provides that an employee shall be ineligible for compensation for any week in which unemployment is due to volun-

tarily leaving work without cause of a necessitous and compelling nature.

touching, propositioning or other sexually related conduct. Based on Martin's complaint and complaints from other employees regarding Coley's verbal behavior, Grasty disciplined Coley by giving him a verbal warning and included the complaints in his annual performance evaluation. Employer also sent Coley to seminars on improving his communications skills.

In January 1998 Martin submitted a memorandum to Grasty which cited Coley's continued harassment and stated her intent to resign. The memo described "unnecessary pressure and feeling[s] of harassment" and "irreconcilable differences" between her and Coley. After discussing her complaints with Grasty and Coleman, Martin decided not to resign. In speaking with Coleman, Martin disclosed that in 1994, she dated Coley for approximately six months. Again, Martin did not indicate that Coley had sexually harassed her. In January 1998 Employer issued another verbal warning to Coley to improve his communication with Martin.

In March and April 1998, Martin again complained to Grasty regarding Coley's verbal behavior. In response, Grasty promoted Martin to a level equal to that of Coley and gave her a pay increase. Although the new position removed Martin from Coley's direct supervision, she was still required to interact with and provide reports to Coley. Grasty also instructed Coley and Martin to communicate only through Grasty rather than directly with each other. Despite this instruction, Martin continued to communicate with Coley. In May 1998 Employer issued another verbal warning to Coley which advised him that he would be terminated if communication between him and Martin did not improve. On June 26, 1998, Martin terminated her employment with Employer and revealed, for the first time, that Coley had

sexually harassed her. After Martin resigned, Employer placed Coley in a non-supervisory position.

Martin filed for unemployment compensation benefits which the Job Center denied. On appeal, the referee reversed and granted Martin benefits after concluding that Coley's continued sexual harassment constituted a necessitous and compelling cause for Martin's resignation. The referee found that Martin and Coley had dated for six months in 1994. Employer appealed to the Board, which reversed the referee and concluded that Martin did not have a necessitous and compelling reason for terminating her employment. The Board found that Martin failed to report the sexual harassment to Employer, that Martin's reports were not always submitted in a timely manner and that her other harassment complaints did not justify her resignation.

## II.

Martin argues that she is entitled to benefits under Section 402(b) of the Law because she made a reasonable and prudent attempt to alleviate the sexual harassment perpetrated by Coley.[2] Martin cites *Peddicord v. Unemployment Compensation Board of Review*, 166 Pa.Cmwlth. 676, 647 A.2d 295 (1994), and *Andrews v. Unemployment Compensation Board of Review*, 698 A.2d 151 (Pa.Cmwlth.1997), and asserts that the Board erred in imposing a duty on her to report the sexual harassment because the perpetrator was both her immediate supervisor and an agent of Employer and that knowledge of the harassment was thus imputed to Employer.

 Sexual harassment may qualify as a necessitous and compelling cause for an employee to voluntarily terminate the employment relationship. *Homan v. Un-*

---

2. The Court's review is limited to determining whether an error of law or constitutional violation was committed or whether necessary findings of fact are supported by substantial

evidence of record. *Comitalo v. Unemployment Compensation Board of Review*, 737 A.2d 342 (Pa.Cmwlth.1999).

*employment Compensation Board of Review,* 107 Pa.Cmwlth. 172, 527 A.2d 1109 (1987). A necessitous and compelling cause results from circumstances that create real and substantial pressure to terminate employment. *Taylor v. Unemployment Compensation Review Board,* 474 Pa. 351, 378 A.2d 829 (1977). The claimant bears the burden of proving that he or she took common sense action, or reasonable and prudent steps, to alleviate the harassment and to preserve the employment relationship. *Johnson v. Unemployment Compensation Board of Review,* 725 A.2d 212 (Pa.Cmwlth.1999).

An employee may be excused from reporting sexual harassment to the employer if the employee reasonably believed that reporting would have been futile. *Peddicord.* In the absence of other circumstances, the duty to take common sense action includes reporting the harassment to an employer representative other than the perpetrator if the perpetrator is subject to the employer's supervision. *Johnson.* In *Peddicord* upper-level employees perpetrated and witnessed sexual harassment directed against a female employee. The Court held that under those circumstances the employee "had every reason to believe that reporting that incident would have produced no satisfactory result." However, in *Johnson* the Court rejected the employee's argument that under *Peddicord* there is no duty to report harassment perpetrated by an immediate supervisor.

Here, the Board acknowledged Martin's testimony in which she alleged that she was sexually harassed by Coley. Martin, however, did not complain of this harassment to anyone prior to her resignation. When directly questioned at various times by Grasty and Coleman, Martin denied that any sexual harassment had occurred. Despite Martin's assertion, *Peddicord* does not excuse an employee from reporting sexual harassment whenever the perpetrator is the employee's supervisor. The Court instead acknowledged that a failure to report harassment may be excused if the circumstances indicate that reporting would be futile. Martin complained regarding Coley's verbal behavior, and Employer attempted to address these complaints through verbal warnings to Coley and promotion of Martin to a level equal to that of Coley. Also, when Martin resigned and informed Employer of Coley's sexual harassment, Employer demoted Coley to a non-supervisory position. Based on these circumstances, the Court agrees with the Board.

 Martin also argues that the "intolerable working conditions" delineated in her complaints to Employer constituted a necessitous and compelling cause for her to resign. The Court disagrees. The record readily demonstrates the personality conflict between Martin and Coley, but mere personality conflicts do not constitute a necessitous and compelling cause for an employee to voluntarily terminate employment. *See, e.g., Penkola v. Unemployment Compensation Board of Review,* 32 Pa.Cmwlth. 326, 379 A.2d 890 (1977). The Board found that Coley was responsible for obtaining reports from Martin and that she was late in submitting these reports. The Board also found that Martin continued to communicate with Coley despite instructions to the contrary by the Director of the Program. Although Coley's verbal conduct may have been inappropriate, the record does not show it to have created real and substantial pressure for Martin to terminate her employment. *Taylor.* For the foregoing reasons, the order of the Board is affirmed.

### O R D E R

AND NOW, this 28th day of March, 2000, the order of the Unemployment Compensation Board of Review is hereby affirmed.