IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James M. Lyle,                              :
                                            :
                        Petitioner          :
                                            :
            v.                              : No. 1446 C.D. 2016
                                            : Submitted: February 10, 2017
Unemployment Compensation                   :
Board of Review,                            :
                                            :
                        Respondent          :


BEFORE:   HONORABLE ROBERT SIMPSON, Judge
          HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge

OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                                    FILED:  June 5, 2017


            James Lyle (Claimant), proceeding *pro se*, petitions for review from
the order of the Unemployment Compensation Board of Review (Board) that
determined that he was ineligible for unemployment compensation (UC) benefits
pursuant to Section 402(b) of the Unemployment Compensation Law (Law)[1]
(relating to voluntary termination).  Claimant contends the Board disregarded
evidence and erred in determining he quit without a necessitous and compelling
reason.  Discerning no error, we affirm.

            Claimant worked for Family Dollar Stores (Employer) as a full-time
store manager from February 1, 2016, until April 20, 2016.  After his separation

_____

            [1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S.
§802(b).

from employment, Claimant applied for UC benefits. The local service center denied benefits under Section 402(b) of the Law. Certified Record (C.R.), No. 6 (Notice of Determination). Claimant appealed, and a referee held a hearing, at which neither Claimant nor Employer appeared. C.R., Nos. 11 (Hearing Transcript, 5/26/16) and 12 (Referee's Decision, 5/27/16). The referee affirmed the denial of benefits.

Claimant appealed to the Board, and asserted he never received notice of the referee's hearing. The Board remanded the matter to the referee to serve as the Board's hearing officer to receive testimony and evidence on Claimant's reasons for his nonappearance at the initial hearing as well as on the merits. Claimant appeared and testified at the remand hearing. Employer did not appear.

Based on the testimony and evidence presented, the Board found that Claimant did not attend the initial referee hearing because he did not receive notice of the hearing. Claimant testified that: he was having issues with his mail, which were unrelated to his UC claim; the issues began prior to working for Employer; and he notified the U.S. Postal Service of the problem. Board Remand Hearing, 7/12/16, Notes of Testimony (N.T.) at 3. Claimant also presented evidence in support. C.R., No. 20 (Claimant's Remand Exhibits Nos. 1 and 2). The Board credited Claimant's testimony in this regard and determined he established good cause for his nonappearance at the initial hearing.

As to the merits, the Board found that, when problems arose at Claimant's store, his supervisor often threatened to fire him. Claimant became upset with supervisor's behavior. To remedy the situation, Claimant contacted Employer's ethics department. The ethics department began investigating the supervisor's behavior. On April 20, 2016, Claimant voluntarily terminated his

2

employment because of a personality conflict with his supervisor. Claimant did not allow Employer's ethics department to complete its investigation prior to voluntarily terminating his employment. Board Opinion, 8/8/16, Findings of Fact (F.F.) Nos. 3-7.

Ultimately, the Board concluded that Claimant voluntarily terminated his employment based on a personality conflict with his supervisor. Claimant did not allow the ethics department to conclude its investigation prior to voluntarily terminating his employment. Claimant did not assert that the ethics investigation would be futile or provide sufficient explanation to justify his actions. The Board determined Claimant did not act in the manner a reasonable person would under the same circumstances as he did not exhaust all remedies prior to quitting his employment. Thus, the Board concluded Claimant was ineligible for benefits under Section 402(b) having voluntarily quit his employment without a necessitous and compelling reason. Claimant requested reconsideration based on new information that Employer never followed through with the investigation after he quit, thereby making the investigation a futile act. C.R., No. 22 (Request for Reconsideration). The Board denied the request. Claimant now petitions for review.[2]

Claimant argues that the Board erred in determining he quit his employment without cause of a necessitous and compelling nature. He contends the Board disregarded the threatening text messages that his supervisor sent to him.

---

[2] Our review is limited to determining whether necessary findings of fact were supported by substantial evidence, whether errors of law were committed, or whether constitutional rights were violated. Section 704 of the Administrative Agency Law, 2 Pa. C.S. §704; *Johns v. Unemployment Compensation Board of Review*, 87 A.3d 1006, 1009 n.2 (Pa. Cmwlth.), *appeal denied*, 97 A.3d 746 (Pa. 2014).

He claims the Board ignored other evidence showing his repeated contacts with the corporate headquarters to resolve the situation went unanswered. In addition, Claimant asserts that the Board erred in denying his request to produce newly-discovered evidence showing Employer never completed the investigation after he quit. He advances that he was prejudiced by Employer's nonappearance at the remand hearing to explain why the investigation was not completed.

To begin, a review for capricious disregard of material, competent evidence is an appropriate component of appellate review in any case in which the question is properly raised before a court. *Leon E. Wintermyer, Inc. v. Workers' Compensation Appeal Board (Marlowe)*, 812 A.2d 478, 487 (Pa. 2002); *see Diehl v. Unemployment Compensation Board of Review*, 4 A.3d 816, 824 (Pa. Cmwlth. 2010), *reversed on other grounds*, 57 A.3d 1029 (Pa. 2012). A capricious disregard of evidence occurs where the "findings reflect a deliberate disregard of competent evidence that logically could not have been avoided in reaching the decision . . . ." *Pryor v. Workers' Compensation Appeal Board (Colin Service Systems)*, 923 A.2d 1197, 1205 (Pa. Cmwlth. 2007). Where substantial evidence supports the findings, and those findings in turn support the conclusions, it should remain a rare instance where an appellate court disturbs an adjudication based on capricious disregard. *Wintermyer*, 812 A.2d at 487.

Further, the Board is the ultimate fact-finder in UC matters and is empowered to resolve all conflicts in the evidence, witness credibility, and weight accorded to the evidence. *Ductmate Industries, Inc. v. Unemployment Compensation Board of Review*, 949 A.2d 338 (Pa. Cmwlth. 2008). It is irrelevant whether the record contains evidence to support findings other than those made by the fact-finder; the critical inquiry is whether there is evidence to support the

4

findings actually made. *Id*. Where substantial evidence supports the Board's findings, they are conclusive on appeal. *Id*. In addition, we must examine the testimony in the light most favorable to the party in whose favor the fact-finder ruled, giving that party the benefit of all logical and reasonable inferences from the testimony. *Id*.

Section 402(b) of the Law provides that an employee shall be ineligible for compensation for any week "[i]n which his unemployment is due to voluntarily leaving work without cause of a necessitous and compelling nature . . . ." 43 P.S. §802(b). The question of whether a claimant has a necessitous and compelling reason to terminate employment is a question of law reviewable by this Court. *Middletown Township v. Unemployment Compensation Board of Review*, 40 A.3d 217, 227 (Pa. Cmwlth. 2012).

An employee who claims to have left employment for a necessitous and compelling reason bears the burden of proof. *Middletown Township,* 40 A.3d at 227-28. To prove a necessitous and compelling reason for leaving employment, a claimant must demonstrate the following: "(1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and (4) the claimant made a reasonable effort to preserve her employment." *Solar Innovations, Inc. v. Unemployment Compensation Board of Review*, 38 A.3d 1051, 1056 (Pa. Cmwlth. 2012) (quoting *Brunswick Hotel & Conference Center, LLC v. Unemployment Compensation Board of Review*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006)). An employer has no burden of proof in a voluntary quit case. *Earnest v. Unemployment Compensation Board of Review*, 30 A.3d 1249, 1256 (Pa. Cmwlth.

2011) (citing *Johnson v. Unemployment Compensation Board of Review*, 869 A.2d 1095, 1104 (Pa. Cmwlth. 2005)).

Here, Claimant does not challenge any of the Board's actual findings. "Unchallenged findings are conclusive on appeal . . . ." *Munski v. Unemployment Comp. Bd. of Review*, 29 A.3d 133, 137 (Pa. Cmwlth. 2011). Rather, Claimant contends that the Board failed to consider evidence demonstrating a necessitous and compelling reason to terminate his employment based on the threats of his supervisor and Employer's inaction. Claimant testified that he was new to the job, he was not adequately trained in certain areas, and that shortly after he started issues arose at the store that he managed. N.T. 4-5. Claimant testified and presented text messages that his supervisor threatened to fire him on April 3, 2016, for not meeting payroll. N.T. at 5; C.R., No. 20 (Claimant's Remand Exhibit No. 3). His supervisor threatened him again on April 17, 2016, when Claimant was not available to close the store personally. N.T. at 7; C.R., No. 20 (Claimant's Remand Exhibit No. 3). Contrary to Claimant's assertions that the Board disregarded this evidence, the Board considered this evidence and specifically found that his "supervisor would often threaten to fire" him. F.F. No. 3.

As for Claimant's claim that the evidence showed that Employer did not take action, Claimant testified that, after the first incident, Claimant left two voicemail messages for his supervisor's boss, but she did not return his call. N.T. at 7. He also unsuccessfully attempted to contact Employer's corporate headquarters via Facebook. N.T. at 7.

Then, on April 15, 2016, he contacted Employer's third-party ethics department, and filed a complaint. N.T. at 7. The call taker advised that Employer would contact him within 14 days regarding his complaint. N.T. at 7. On April

6

18, 2016, Employer notified Claimant that the matter was assigned to an investigator in his region. N.T. at 8. Two days later, on April 20, 2016, the regional investigator contacted Claimant. N.T. at 8. The investigator asked Claimant details about the working conditions, what transpired, and his complaints. N.T. at 8-9. She asked Claimant to forward the text messages as well as any voicemail messages from his supervisor. N.T. at 9.

Later that same day, Claimant quit his employment. N.T. at 9. When the hearing officer asked Claimant why he did not wait for the investigation to move forward, Claimant responded that he was afraid he would lose his job. N.T. at 9. Claimant repeatedly testified that he quit because he thought he might be fired. N.T. at 5, 7, 9, 11. Claimant admitted that he quit while Employer was "trying to investigate" and "figure it out." N.T. at 9.

Based on this evidence, the Board found that Claimant did not allow Employer's ethics department to complete its investigation prior to voluntarily terminating his employment. F.F. No. 7. Although Claimant may not have received a response from his supervisor's boss or corporate headquarters, upon contacting the ethics department, an investigation into Claimant's complaint was opened immediately and the matter was assigned to an investigator. Within five days of contacting the ethics department, a regional investigator contacted Claimant. However, Claimant quit the very day the regional investigator contacted him. Claimant admitted he did not allow the ethics department to conclude its investigation prior to quitting. N.T. at 9.

By not giving Employer an opportunity to complete the investigation and rectify the situation prior to quitting, Claimant did not make a reasonable effort to preserve his employment. *See St. Barnabas, Inc. v. Unemployment*

7

*Compensation Board of Review*, 525 A.2d 885, 888 (Pa. Cmwlth. 1987) (a claimant was ineligible where the claimant "submit[ted] her resignation without giving the [e]mployer the opportunity to solve the problem"); *see also Western and Southern Life Insurance v. Unemployment Compensation Board of Review*, 913 A.2d 331, 337 (Pa. Cmwlth. 2006) (noting that where a claimant voluntarily terminates employment after receiving notice that the employer is committed to resolving the work problems does not evidence a good faith effort to preserve employment). Moreover, Claimant's testimony that he quit out of fear that he would be fired does not constitute real and substantial pressure to terminate employment. *See Department of Corrections v. Unemployment Compensation Board of Review*, 547 A.2d 470, 474 (Pa. Cmwlth. 1988) (general fear of losing job did not rise to a cause of a necessitous and compelling nature to quit employment); *see also Johnson*, 869 A.2d at 1107 (fear about future employment was speculative). Upon review, we conclude that the Board did not err or disregard the evidence presented at the hearing in determining that Claimant is ineligible for benefits under Section 402(b).

Notwithstanding, Claimant contends that the Board erred in denying his request for reconsideration based on alleged after-discovered evidence, which was not available at the time of hearing, that Employer never followed through with the investigation after Claimant quit. He asserts that this evidence proves that Employer's investigation was futile. *See Martin v. Unemployment Compensation Board of Review*, 749 A.2d 541, 544 (Pa. Cmwlth. 2000) (an employee may be excused from reporting sexual harassment to the employer if the employee reasonably believed that reporting would have been futile).

However, Claimant did not appeal the Board's order denying reconsideration. *See* Pa. R.A.P. 1512(a)(1) (petitions for review must be filed within 30 days of the entry of an order from which an appeal is taken). Therefore, our review is limited to Claimant's appeal of the merits decision. Nevertheless, even if properly before us, we would discern no abuse of discretion in the Board's denial of Claimant's request for reconsideration.

The Board's regulations provide that reconsideration will be granted "only for good cause in the interest of justice without prejudice to any party." 34 Pa. Code §101.111(b). "In determining whether 'good cause' exists, the [Board] must consider whether the party requesting reconsideration has presented new evidence or changed circumstances or whether [the Board] failed to consider relevant law." *Laster v. Unemployment Compensation Board of Review*, 80 A.3d 831, 834 (Pa. Cmwlth. 2013) (quoting *Ensle v. Unemployment Compensation Board of Review*, 740 A.2d 775, 779 (Pa. Cmwlth. 1999)).

Claimant requested reconsideration to introduce evidence that Employer discontinued the investigation *after* he quit. Such evidence is irrelevant because it would not establish the futility of Employer's efforts *before* he quit. Thus, the Board did not err or abuse its discretion in denying Claimant's request for reconsideration.

Insofar as Claimant complains that Employer did not appear at the remand hearing, where a claimant voluntarily terminates his employment, an employer bears no burden of proof. *Earnest*, 30 A.3d at 1256. Rather, it is the claimant's burden to prove entitlement to benefits. *Id*. Thus, Employer's appearance was not necessary. If Claimant believed Employer's appearance was necessary for him to carry his burden, Claimant could have subpoenaed

9

Employer's witnesses. However, Claimant neither made such a request nor expressed any desire to obtain evidence from Employer at the hearing. *Cf. Coates v. Unemployment Compensation Board of Review*, 676 A.2d 742, 744 n.3 (Pa. Cmwlth. 1996) (where the claimant expressed the need for evidence from the employer that was solely within the employer's possession, we noted that a referee has a responsibility to assist a *pro se* claimant so that facts necessary for the decision may be adequately developed). Again, any evidence showing that Employer discontinued the investigation *after* Claimant quit would not prove the futility of the investigation at the time that he did quit.

Accordingly, we affirm.

_____
MICHAEL H. WOJCIK, Judge

10

# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

James M. Lyle,                                    :
                                                  :
                     Petitioner                   :
                                                  :
          v.                                      :   No. 1446 C.D. 2016
                                                  :
Unemployment Compensation                         :
Board of Review,                                  :
                                                  :
                     Respondent                   :


# O R D E R


AND NOW, this 5<u>th</u> day of June, 2017, the order of the
Unemployment Compensation Board of Review, dated August 8, 2016, is
AFFIRMED.


_____
                                        MICHAEL H. WOJCIK, Judge