Dolores A. Forty, Petitioner *v.* Commonwealth of Pennsylvania, Unemployment Compensation Board of Review, Respondent.

Argued May 7, 1982, before Judges BLATT, WIL-LIAMS, JR. and CRAIG, sitting as a panel of three.

*Raymond P. Amatangelo, Brady, Amatangelo & Baisley,* for petitioner.

*Charles Hasson,* Associate Counsel, with him *Francine Ostrovsky,* Associate Counsel, and *Richard L. Cole, Jr.,* Chief Counsel, for respondent.

OPINION BY JUDGE BLATT, July 21, 1982:

The petitioner asserts that the Unemployment Compensation Board of Review (Board) erred by denying her unemployment benefits on the grounds that she had voluntarily terminated her employment without cause of a necessitous and compelling nature.[1]

The referee found[2] that the petitioner left her employment as a seamstress after becoming upset with a co-worker and that she returned home without notifying her supervisor. Later the same day the owner of the business called her and asked her to return to work at once, which she agreed to do. Upon her return, her supervisor, who was the owner's father, embarrassed her by asking what she was doing there in that she had already quit. She then left her job again and thereafter sought no other employment because she expected to be called back to duty by her employer. She admitted that her employer had not informed her that she was discharged. The referee denied benefits and the Board affirmed the decision.

The petitioner asserts that the referee's finding that she left her job a second time was not supported by substantial evidence because she had in fact been prevented from returning to work by her supervisor.

---

[1] Section 402(b) of the Unemployment Compensation Law, Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended,* 43 P.S. §802(b).

[2] The Unemployment Compensation Board of Review adopted the opinion of the referee.

The proper scope of our review where, as here, the petitioner had the burden of proof and did ·not prevail below is to determine whether or not the referee's findings evidenced a capricious disregard of competent evidence. *Dandy v. Unemployment Compensation Board of Review*, 52 Pa. Commonwealth Ct: 131, 415 A.2d 452 (1980). Our review of the record reveals that such was not the case here.

The petitioner testified that when she returned to work, other employees were performing her duties:

And [the owner's] father saw me coming and he said no Dee, you left. I said yes but your son called me up and told me to come back. And he said he embarrassed me. I felt so embarrassed the way he said it. That I left again and said well I'll go back home and either I'll get back to him or he'll call me.

This testimony is not so compelling as to require a finding that the petitioner was ordered to go home, and we see no error in the referee's finding on the basis of this testimony that she left her employment voluntarily.[3] Moreover, even if her supervisor's conduct is considered to have been a reprimand, such a reprimand was not a compelling reason for her to terminate her employment absent unjust accusations, profane language or abusive conduct.[4] *Lynn v. Unemployment Compensation Board of Review*, 58 Pa. Commonwealth Ct. 178, 427 A.2d 736 (1981). None of those exceptions existed here.

We will therefore affirm the denial of benefits.

---

[3] Our examination of the record also reveals that the petitioner was instructed by the owner to talk to him when she returned to work. She failed to do so after encountering the owner's father and we believe that such failure demonstrates a lack of effort on her part to maintain the employment relationship.

[4] Especially in light of the fact that she had earlier left the workplace without notice or explanation to her employer.

ORDER

AND Now, this 21st day of July, 1982, the order of the Unemployment Compensation Board of Review in the above-captioned matter is affirmed.