# IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Joshua G. DeGusipe,                                     :
                                                        :
                              Petitioner                :
                                                        :
              v.                                        : No. 360 C.D. 2018
                                                        : Submitted: October 16, 2018
Unemployment Compensation                               :
Board of Review,                                        :
                                                        :
                              Respondent                :


BEFORE:    HONORABLE ROBERT SIMPSON, Judge
           HONORABLE MICHAEL H. WOJCIK, Judge
           HONORABLE JAMES GARDNER COLINS, Senior Judge

<u>OPINION NOT REPORTED</u>

MEMORANDUM OPINION
BY JUDGE WOJCIK                                          FILED: December 20, 2018


              Joshua G. DeGusipe (Claimant) petitions for review of the February 27,
2018 order of the Unemployment Compensation Board of Review (Board), which
affirmed a referee's decision and held that Claimant is ineligible for unemployment
compensation benefits under Section 402(b) of the Unemployment Compensation
Law (Law).[1]  We affirm.

              Claimant worked full-time as a lab technician for Golden Eagle
Construction (Employer) from July 23, 2014, until June 16, 2017.  During that time
period, Claimant submitted three complaints to his union, alleging that his

---

[1] Act of December 5, 1936, Second Ex., Sess., P.L. (1937) 2897, *as amended*, 43 P.S.
§802(b).  This section provides that an employee shall be ineligible for compensation for any week
in which his unemployment is due to voluntarily leaving work without cause of a necessitous and
compelling nature.  43 P.S. §802(b).

supervisor, Joe Miller (Miller), subjected him to name calling, demeaning comments, belittling behavior, profanity, and threats.

The union filed a grievance on Claimant's behalf after Miller suspended him from work for three days without pay. The grievance was sustained; Claimant was awarded back pay and the suspension was removed from his personnel record. Although Miller was ordered to cease and desist from belittling Claimant, the behavior continued.

At some point in 2017, Claimant submitted a vacation request to Miller.[2] On June 16, 2017, Miller denied Claimant's vacation request, citing "excessive workload." That same day, Claimant voluntarily terminated his employment.

The local service center denied Claimant benefits under Section 402(b) of the Law, finding that Claimant resigned because of harassment, but he did not notify Employer of his reasons for leaving his employment. Claimant appealed.

A referee held a hearing on September 6, 2017. Claimant was represented, and Employer proceeded without counsel. Claimant testified that per his union contract, he brought his complaints concerning Miller's behavior to the union, rather than to Employer. Notes of Testimony (N.T.), September 6, 2017, at 5.

Claimant said that when he returned to work after his October 2016 suspension was resolved, he intended to resume his normal job duties as a lab technician. N.T. at 7, 8. Claimant explained that he had passed both his Level 1 and Level 2 tests, which qualified him to work as a lab technician. N.T. at 8. Claimant stated that despite his credentials, Miller told him that he was not competent enough

---

[2] The Board made no finding concerning the date Claimant submitted his vacation request, but the referee found that Claimant made the request on June 16, 2017. Referee's Finding of Fact (F.F.) No. 8.

to work in the lab. *Id*. Claimant noted that Miller never provided him with any examples of substandard performance or submitted any "write-ups" or "employee reviews" concerning Claimant's abilities. N.T. at 8-9.

Claimant stated that even after the grievance was resolved in his favor, Miller continued to make the same type of disparaging comments toward Claimant that initially led him to file the grievance. N.T. at 7. Claimant testified that he complained about Miller's conduct to Billy Snoody (Snoody),[3] who told him that the company had been dealing with Miller's behavior for a long time and advised Claimant to ignore it. N.T. at 9-10. Claimant filed another complaint with the union regarding Miller's behavior in April 2017. N.T. at 8.

Claimant testified that he resigned on June 16th because Miller denied his vacation request, telling Claimant that "[w]e were too busy and I – we were too busy." N.T. at 4, 10. Claimant explained that he believed quitting was his only option at the time. N.T. at 10. Claimant acknowledged that when he returned to work after June 16th to collect his personal belongings, he made no attempt to speak with Miller. N.T. at 11.

Jordan DeGusipe, Claimant's spouse, testified that on June 15, 2017, (the day before Claimant resigned), she encountered Snoody at her vacation rental company. N.T. at 12. Mrs. DeGusipe stated that Snoody and his family planned their vacations with her company every summer and that Snoody was at the company that day for an upcoming vacation. N.T. at 12. Mrs. DeGusipe stated that, before leaving her office, Snoody made the following statements:

---

[3] Claimant identified Snoody as Employer's owner, but Miller testified that Snoody's father is Employer's owner. N.T. at 9-10, 17. Miller acknowledged that Snoody has an administrative role in the company. N.T. at 17.

. . . I know the way [Claimant] is being treated at work. I'm – I've been aware of it. It's just the way [Miller] is. We've had issues with [Miller] for years and I'll ask that [Claimant] ignores [sic] it and continues to work for us because I need [him.]

N.T. at 13.[4]

During his testimony, Miller admitted that he had been aware that Claimant felt belittled and demeaned by him since at least October 2016, when Claimant filed an official grievance. N.T. at 15. But Miller stated that he was very confused by the allegations that he had been abusive toward Claimant. N.T. at 13. Miller contended that Claimant's assertions that Miller, at most, picked on Claimant, were not relevant. N.T. at 18.

Miller emphasized that road construction is "not kindergarten," and stated that Claimant's concerns were perhaps based on his unfamiliarity with this type of "rough" work environment. N.T. 14. Additionally, Miller characterized the October 5th incident which led to Claimant filing the October 2016 grievance as Miller's discipline of Claimant after Claimant failed to properly respond to Miller's directive. N.T. at 16. Miller further explained that the physical labor tasks he assigned to Claimant were not demeaning because Employer is a small company, there are no job descriptions and everyone assists with all the work. N.T. at 18, 19. Miller said, "I shovel. I'm the manager." N.T. at 18.

Regarding Claimant's vacation request, Miller testified that Employer's vacation policy requires vacation requests to be submitted by March 15th. N.T. at 13. Miller explained that vacation requests submitted after March 15th are still reviewed, but are subject to approval by the company based on seniority and workload. *Id.* Miller testified that Claimant was not singled out for the denial of his

---

[4] Miller did not object to this uncorroborated statement at the time Mrs. DeGusipe testified, and the referee denied his objection at the end of the hearing during closing argument. N.T. at 19.

vacation request and that other employees' requests are regularly denied for excessive workload. N.T. at 13-14.

Miller testified that he did not recall Claimant raising any concerns about his vacation request at the time his request was denied. N.T. at 14. Miller stated that Claimant did not provide any notice or indication on or before June 16th that he might resign from his position. N.T. at 14. Miller described Claimant as a young individual in good health with a lot of skills and stated he could not understand why Claimant would leave his job without notice and for no reason. N.T. at 19.

The referee found that although Claimant presented significant testimony about Miller's harassment continuing after the October 2016 grievance, Claimant admitted that he resigned because his vacation request was denied, and there was no evidence that Miller denied Claimant's vacation request in an effort to harass him.[5] The referee affirmed the service center's determination, concluding that Claimant did not satisfy his burden of proving necessitous and compelling cause to quit his job and thus was ineligible for benefits under Section 402(b) of the Law.

Claimant appealed to the Board, asserting that the referee erred in failing to consider the denial of his vacation as part of a continuing pattern of events that compelled Claimant to terminate his employment. The Board found as follows:

> 1. The claimant was last employed as a full-time lab tech level I by Golden Eagle Construction from July 23, 2014 and his last day of work was June 16, 2017.
>
> 2. Throughout his employment, the claimant made [three] written complaints to the union about treatment he

---

[5] The referee further stated that despite Claimant's belief that Miller's behavior was inappropriate and unacceptable, he remained working for Miller for two years, thereby accepting the working conditions. The referee added that Claimant did not request an accommodation to work under another individual and thus failed to exercise reasonable efforts to resolve his problem with Miller. *See* Referee's Decision, 7/18/2017.

received from [Miller], which included name calling, demeaning comments, belittling behavior, profanity, and threats.

3. The claimant filed a grievance against [Miller] in October of 2016 after [Miller] gave him a three-day suspension without pay.

4. The claimant won the grievance, which resulted in back pay and the removal of the three-day suspension from his personnel record.

5. [Miller] was informed that he was to cease and desist from belittling the claimant; however, the behavior continued.

6. On June 16, 2017, [Miller] denied the claimant's request for time off work in July of 2017 for a vacation. The request was denied due to excessive workload.

7. The claimant did not return to work after June 16, 2017, and quit his employment through job abandonment due to [Miller's] denial of his vacation request.

8. [Miller] had never previously denied any of the claimant's vacation requests.

Board Opinion, 2/27/2018, Findings of Fact (F.F.). Nos. 1-8.

As stated above, the Board found that Miller denied Claimant's vacation request due to excessive workload, thereby rejecting Claimant's assertion that the denial was part of an ongoing pattern of harassment. The Board also concluded that Claimant had not exercised reasonable efforts to preserve his employment relationship. Specifically, the Board stated that Claimant had failed to demonstrate that filing another complaint with the union would have been futile, especially since he had previously won a grievance against Miller. The Board affirmed the referee's decision, finding that Claimant had not established necessitous and compelling cause for terminating his employment.

6

On appeal to this Court,[6] Claimant argues that the Board's finding that Miller denied his vacation request because of excessive workload is not supported by substantial evidence. Additionally, Claimant contends that the Board did not apply the correct standard in finding that he failed to establish necessitous and compelling cause for quitting. Claimant maintains that he was only required to show that he exercised reasonable efforts to maintain employment, not that an effort to submit another complaint or grievance to the union would have been futile.

Under Section 402(b) of the Law, a claimant is ineligible for unemployment benefits if he voluntarily terminates his employment without cause of a necessitous and compelling nature. *Dopson v. Unemployment Compensation Board of Review*, 983 A.2d 1282, 1284 (Pa. Cmwlth. 2009). A claimant can establish necessitous and compelling cause existed by demonstrating: (i) circumstances existed which produced real and substantial pressure to terminate employment; (ii) such circumstances would compel a reasonable person to act in the same manner; (iii) claimant acted with ordinary common sense; and (iv) the claimant made a reasonable effort to preserve his employment. *Solar Innovations, Inc. v. Unemployment Compensation Board of Review*, 38 A.2d 1051, 1056 (Pa. Cmwlth. 2012).

The Board found a history of Miller's harassment of Claimant and we have previously held that harassment may constitute necessitous and compelling

---

[6] Our scope of review is limited to determining whether constitutional rights were violated, whether an error of law was committed, and whether necessary findings of fact are supported by substantial evidence. *First Federal Savings Bank v. Unemployment Compensation Board of Review*, 957 A.2d 811, 817 (Pa. Cmwlth. 2008). "Substantial evidence is such relevant evidence as a reasonable mind would accept as adequate to support a conclusion." *Guthrie v. Unemployment Compensation Board of Review*, 738 A.2d 518, 521 (Pa. Cmwlth. 1999).

cause to quit employment under Section 402(b).[7] However, in the instant case, Claimant voluntarily quit because Miller denied his vacation request, and the Board was not persuaded that the denial was another instance of harassment. F.F. No. 6. To the contrary, the Board found that Miller denied Claimant's vacation request due to excessive workload, thereby rejecting Claimant's assertion that the request was denied based on personal animus. *Id.*

Claimant next argues that the Board employed the incorrect standard in requiring that he demonstrate that filing another complaint with the union would have been futile. Citing *Stiffler v. Unemployment Compensation Board of Review*, 438 A.2d 1058, 1061 (Pa. Cmwlth. 1982), Claimant asserts that the correct standard in cases of necessitous and compelling cause is not whether efforts would have been futile, but whether the efforts taken in order to preserve one's employment were reasonable.

This Court has previously held that a claimant has not established cause of necessitous and compelling nature to quit his employment, even when the claimant was subjected to unjust accusations or abusive conduct, if he failed to notify his employer of his dissatisfaction before voluntarily quitting. *Moskovitz v. Unemployment Compensation Board of Review*, 635 A.2d 723, 724 (Pa. Cmwlth. 1993). However, a claimant may voluntarily terminate his employment without notice, if reporting his concerns to his employer before quitting would have been a futile effort. *Martin v. Unemployment Compensation Board of Review*, 749 A.2d 541, 544 (Pa. Cmwlth. 2000). Here, Claimant submitted regular complaints to his union and Employer was aware of this dissatisfaction. Nevertheless, the Board

---

[7] *See Comitalo v. Unemployment Compensation Board of Review*, 737 A.2d 342, 344 (Pa. Cmwlth. 1999) (holding that harassment may constitute necessitous and compelling cause to leave one's employment).

8

found that the denial of Claimant's vacation request was not an instance of harassment, but rather a decision Miller made pursuant to Employer's reasonable policy. F.F. No. 6.

Claimant also contends that the Board overlooked Claimant's extensive efforts to preserve his employment: three submitted complaints to the union, a grievance awarded in his favor, and a cease and desist order against Miller. We note that Claimant conflates his efforts undertaken to resolve the harassment issue with his failure to notify Employer of his dissatisfaction with the denial of his vacation request. Claimant abandoned his position after his vacation request was denied and made no effort to speak with Miller or Employer regarding the denial of his vacation request. N.T. at 11.

Accordingly, the Board's order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

9

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

| | | |
|---|---|---|
| Joshua G. DeGusipe, | : | |
| | : | |
| Petitioner | : | |
| | : | |
| v. | : | No. 360 C.D. 2018 |
| | : | |
| Unemployment Compensation | : | |
| Board of Review, | : | |
| | : | |
| Respondent | : | |

# **O R D E R**

AND NOW, this 20<u>th</u> day of <u>December</u>, 2018, the order of the Unemployment Compensation Board of Review, dated February 27, 2018, is AFFIRMED.

_____
MICHAEL H. WOJCIK, Judge