IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Renita Perseo,                              :
                                            :
                    Petitioner              :
                                            :
            v.                              : No. 746 C.D. 2024
                                            : Submitted: October 9, 2025
Unemployment Compensation                   :
Board of Review,                            :
                                            :
                    Respondent              :


BEFORE:   HONORABLE MICHAEL H. WOJCIK, Judge
          HONORABLE STACY WALLACE, Judge
          HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WOJCIK                    FILED:    January 16, 2026


        Renita Perseo (Claimant), *pro se*, petitions for review of an Order of
the Unemployment Compensation Board of Review (Board). The Board determined
– as did the Referee and Service Center below – that Claimant was ineligible for
unemployment compensation because she voluntarily terminated her employment
without a necessitous and compelling cause. We affirm the Board's Order.

        Claimant began working at Firstrust Savings Bank (Employer) on May
16, 2022 as a Universal Banker III. Referee's Decision, 2/27/24, at Finding of Fact
(F.F.) No. 1. A little over a year later, a new manager (Manager) began overseeing
the branch in which Claimant worked. *Id.* at F.F. No. 2. During this time, Claimant

and the Manager had several contentious interactions. For example, the Manager repeatedly questioned Claimant's method for completing tasks and complained that Claimant did not respect him. *Id*. at F.F. Nos. 3-4. He allegedly told Claimant that she was loud and accused her of talking about him to other people in the office. *See* Certified Record (C.R.) at 81, 84.

Claimant did not report any of these conflicts to Human Resources before submitting her resignation, however. Referee's Decision at F.F. No. 6. Instead, Claimant spoke to the Vice President of Sales about an instance in which she believed that the Manager was unknowledgeable about routine banking tasks. *Id*. Yet, Claimant did *not* discuss the difficulties which stemmed from Claimant's and the Manager's conflicting personalities; nor did she request to be transferred to a different branch. *Id*.; *see also* Referee's Decision at F.F. No. 5.

On September 5, 2023, Claimant submitted her resignation and offered two weeks' notice. Referee's Decision at F.F. No 5. Following work that very same day, however, "Claimant did not return to her position to work out the balance of her notice." *Id*. at F.F. No. 8.

Upon resigning, Claimant filed an application for unemployment compensation benefits effective September 17, 2023, and the Service Center initially found Claimant ineligible under Section 402(b) of the Unemployment Compensation Law (Law).[1] C.R. at 20. Claimant subsequently filed a timely appeal of this determination and the Referee conducted a hearing on the matter on February 27, 2024. In a decision dated that same day, the Referee determined that Claimant was not eligible for unemployment compensation because she voluntarily terminated

---

[1] Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. §802(b).

her position and did not make a good-faith effort to maintain employment. The Referee reasoned:

> Prior to quitting, [] Claimant did not seek to preserve her employment. [C]laimant did not request a transfer to a different branch, nor did the Claimant meet with Human Resources to inform them of her issues with the [] Manager to allow Employer an opportunity to remedy the situation in a manner, which may not have [led] Claimant to quit.

Referee's Decision at 2-3. On May 1, 2024, the Board affirmed, noting that "[C]laimant failed to make a good-faith effort to avoid quitting." *See* Board's Decision, 5/1/24, at 1-2. This timely Petition for Review followed.[2]

Before this Court, Claimant asserts that the Manager's behavior, *e.g.*, questioning her work, was sexist and demeaning. Thus, she believes that the Board erred in denying her benefits as the stress and anxiety caused by the Manager's purported harassment and belittlement constituted a necessitous and compelling reason to voluntarily terminate her employment. Petitioner's Brief at 9-11. Claimant also assures this Court that she did not leave simply because she did not like working for Employer or because she wanted to work somewhere else. *Id*. at 11. Rather, Claimant left because, even after relating her "disheartened feelings to a superior in the community banking department[,] . . . nothing changed." *Id*. at 9.

Under Section 402(b) of the Law, 43 P.S. §802(b), claimants who "voluntarily leav[e] work without cause of a necessitous and compelling nature" are ineligible for benefits. The burden of proving the inverse, that the cause of their voluntary termination was in fact necessary and compelling, lies with the claimant.

---

[2] This Court's review is limited to deciding if the necessary facts are supported by substantial evidence, whether an error of law was made, and if a party's constitutional rights were violated. *First Federal Savings Bank v. Unemployment Compensation Board of Review*, 957 A.2d 811, 814 n.2 (Pa. Cmwlth. 2008).

*Brunswick Hotel & Conference Center, LLC v. Unemployment Compensation Board of Review*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006). To assess these claims, this Court articulated the following test:

> An employee who claims to have left employment for a necessitous and compelling reason must prove that: (1) circumstances existed which produced real and substantial pressure to terminate employment; (2) such circumstances would compel a reasonable person to act in the same manner; (3) the claimant acted with ordinary common sense; and, (4) the claimant made a reasonable effort to preserve her employment.

*Id.* Whether the claimant's reason for voluntarily terminating her employment was cause of a necessitous and compelling nature is a question of law subject to this Court's review. *Middletown Township v. Unemployment Compensation Board of Review*, 40 A.3d 217, 228 (Pa. Cmwlth. 2012).

Like the Referee and Board below, we find the fourth element of the *Brunswick Hotel* test to be dispositive and we will confine our analysis to that element accordingly. "Where an employee has failed to take all necessary and reasonable steps to preserve the employment relationship, he or she has failed to meet the burden of demonstrating a necessitous and compelling cause." *PECO Energy Co. v. Unemployment Compensation Board of Review*, 682 A.2d 58, 61 (Pa. Cmwlth. 1996); *see also Westwood v. Unemployment Compensation Board of Review*, 532 A.2d 1281, 1282-83 (Pa. Cmwlth. 1987). This includes communicating "the offending conduct to [her] employer *prior* to voluntarily quitting." *Yingling v. Unemployment Compensation Board of Review*, 228 A.3d 289, 301 (Pa. Cmwlth. 2020) (citing *Moskovitz v. Unemployment Compensation Board of Review*, 635 A.2d 723, 724 (Pa. Cmwlth. 1993)).

4

Here, at the Referee's Hearing, Claimant explained that before tendering her resignation, she did not discuss her complaints concerning the Manager with Human Resources, attempt to transfer to a new branch, or otherwise attempt to preserve her employment relationship. Referee's Hearing, 2/27/24, Notes of Testimony (N.T.) at 5-7. Rather, Claimant's own testimony indicates that her departure from Employer was abrupt and did not afford Employer the opportunity to remedy the situation. When asked why she did not discuss the Manager's purported behavior with Human Resources, Claimant testified: "I don't even know why I did that. I must have snapped or something. I don't know why I did that." *Id.*, N.T. at 6.

Moreover, Claimant never communicated the Manager's offending conduct to Employer before quitting. Although Claimant offers that she related her complaints regarding the Manager's behavior to a "superior," by her very own testimony, Claimant expressed her astonishment at the Manager's perceived incompetence to a Vice President of Sales. Claimant did not discuss her belief that she was being harassed or belittled to Human Resources – or the Vice President for that matter.[3] *Id.*, N.T. at 5-6; *see Moskovitz*, 635 A.2d at 724 ("While an employee who is subject to . . . abusive conduct at the workplace has adequate justification to terminate employment and thus avoid disqualification, [s]he must provide notice of the conduct to the employer.").

While we do not fault Claimant for terminating an employment relationship that she was dissatisfied with, it is incumbent upon a claimant who voluntarily terminated her employment to demonstrate that she took all reasonable

---

[3] Like the Board, we find it unclear as to whether Employer's Vice President of Sales was actually in a position to help Claimant. *See* Board's Brief at 7. Given our reasoning, however, the distinction is immaterial.

steps to preserve her employment. Claimant did not do so here. Thus, she was ineligible for benefits under Section 402(b) of the Law.

Accordingly, the Board's May 1, 2024 order is affirmed.

_____
MICHAEL H. WOJCIK, Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Renita Perseo,                        :
                                      :
                    Petitioner        :
                                      :
          v.                          : No. 746 C.D. 2024
                                      :
Unemployment Compensation             :
Board of Review,                      :
                                      :
                    Respondent        :

# **O R D E R**

AND NOW, this 16th day of January, 2026, the May 1, 2024 Order of the Unemployment Compensation Board of Review is **AFFIRMED**.

_____

MICHAEL H. WOJCIK, Judge