IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul Sadowski,                            :
                          Petitioner      :
                                          :
            v.                            : No. 1260 C.D. 2024
                                          : Submitted:  December 8, 2025
Unemployment Compensation                 :
Board of Review,                          :
                          Respondent  :


BEFORE:    HONORABLE PATRICIA A. McCULLOUGH, Judge
           HONORABLE STACY WALLACE, Judge
           HONORABLE BONNIE BRIGANCE LEADBETTER, Senior Judge


OPINION NOT REPORTED

MEMORANDUM OPINION
BY JUDGE WALLACE                            FILED:  February 6, 2026


        Paul Sadowski (Claimant), who represented himself in the proceedings below
and continues to represent himself on appeal, petitions for review of the May 16,
2024 order (Order) of the Unemployment Compensation (UC) Board of Review
(Board), which affirmed the decision of a UC Referee (Referee) determining
Claimant was ineligible for UC benefits under Section 402(b) of the UC Law (UC
Law).[1]  After review, we affirm.

                           **BACKGROUND**

        CARES of Central Pennsylvania, Inc. (Employer) employed Claimant as a
full-time care coordinator from June 17, 2021 through July 2, 2021.   Certified

_____

[1]  Act of December 5, 1936, Second Ex. Sess., P.L. (1937) 2897, *as amended*, 43 P.S. § 802(b).

Record (C.R.) at 66. Claimant used Employer's minivan to pick up and drop off clients. *Id.* at 68-69. Claimant allegedly quit his employment because he did not have enough room to park Employer's minivan at his residence. *Id.* Claimant applied for UC benefits effective December 19, 2021. The UC Service Center denied Claimant's application under Section 402(b) of the UC Law.[2] *Id.* at 19. Claimant appealed to the Referee.

On December 5, 2022, the Referee held a telephone hearing. *Id.* at 63. The Referee took testimony and evidence from Claimant, the sole witness. *Id.* at 64-75. Claimant testified he lives with his parents in a residence that allegedly could not accommodate Employer's minivan in the driveway or on the street. *Id.* at 69. Claimant stated he did not realize he would be required to park Employer's minivan overnight. *Id.* Claimant admitted he did not ask Employer about parking the minivan at the work location, approximately ten miles away from his home, due to economic concerns, and not wanting to drive back and forth every day. *Id.* at 70. Claimant also explained he felt the job required too much responsibility for the $15 per hour compensation. *Id.* at 71-72. Claimant did not discuss these or any reasons for quitting with Employer, nor did he provide Employer with advance notice of his resignation. *Id.* at 73.

Having determined there was no evidence in the record to support a conclusion that Claimant's reason for leaving was of a necessitous and compelling nature, the Referee concluded Claimant voluntarily quit his employment rendering him ineligible for benefits under Section 402(b) of the UC Law. *Id.* at 80. Following

---

[2] Section 402(b) of the UC Law provides that an employee is ineligible for UC benefits for any week where his unemployment is the result of his voluntary work departure without a necessitous and compelling cause. 43 P.S. § 802(b).

the hearing, the Referee affirmed the UC Service Center's determination denying Claimant UC benefits. *Id.*

Claimant appealed to the Board, which issued a decision on May 16, 2024. C.R. at 108-09. Upon consideration of the record, the Board affirmed the Referee's decision, adopting and incorporating the Referee's findings and conclusions. *Id.* at 109. The Board characterized Claimant's testimony as "conflicting," noting Claimant claimed he quit because he did not have a place to park Employer's minivan, yet Claimant also stated the job was not worth the $15 per hour compensation and there was too much responsibility. *Id.* at 108-09. The Board also found that Claimant did not take any steps to preserve his employment before quitting, or to communicate with Employer. *Id.*

Claimant now appeals to this Court.[3] On appeal, Claimant questions the denial of his eligibility for UC benefits, and the constitutional ramifications of Employer's alleged failure to inform him, at the time of his hiring, of the duty to transport clients.[4]

---

[3] Claimant came dangerously close to waiving all issues by failing to comply with the Pennsylvania Rules of Appellate Procedure regarding his brief. *See* Pa.R.A.P. 2116(a), 2119(a). Nevertheless, because Claimant appears without counsel, we construe his brief liberally and can discern the general issues he intended to raise. *See Laster v. Unemployment Comp. Bd. of Rev.*, 295 A.3d 17, 20 (Pa. Cmwlth. 2023) (when we are able to discern a petitioner's issues, we may overlook technical violations of the Rules of Appellate Procedure and exercise our discretion to address those issues, particularly where the petitioner proceeds *pro se*). Claimant should be aware, however, that if he files similar appeals in the future, an appellate court may determine he waived issues for review by failing to comply with the Rules of Appellate Procedure.

[4] For clarity, we reframed Claimant's issues, which he articulated as follows:

    I.   Issue #1
        The issue is whether the Petitioner is eligible for benefits; PAUC asked "why did I leave this particular job?" The closest option they gave me on the PAUC website, was personal/other. Why is that option a deterrent for disqualification, when I have valid unconstitutional reasons?

**(Footnote continued on next page…)**

3

**DISCUSSION**

In reviewing an order of the Board, this Court considers whether substantial evidence supports the Board's findings of fact, whether the Board violated a party's constitutional rights, or whether the Board committed an error of law. *Showers v. Unemployment Comp. Bd. of Rev.*, 64 A.3d 1143, 1146 n.4 (Pa. Cmwlth. 2013). So long as the record, taken as a whole, contains substantial evidence to support the Board's findings of fact, those findings are conclusive. *Henderson v. Unemployment Comp. Bd. of Rev.*, 77 A.3d 699, 718 (Pa. Cmwlth. 2013). Substantial evidence is such "relevant evidence upon which a reasonable mind could base a conclusion." *Id*. Additionally, "[t]he Board is the ultimate fact finder and has exclusive power to resolve conflicts in the evidence and to decide witness credibility and the weight to be accorded the evidence." *Wise v. Unemployment Comp. Bd. of Rev.*, 111 A.3d 1256, 1262 (Pa. Cmwlth. 2015).

Under Section 402(b) of the UC Law, an employee is ineligible for UC benefits if he voluntarily quits his job without a necessitous and compelling cause. 43 P.S. § 802(b). This Court has explained a claimant bears the burden of proving his reason for voluntarily terminating his employment was due to a necessitous and compelling cause. *PECO Energy Co. v. Unemployment Comp. Bd. of Rev.*, 682 A.2d

---

II. Issue #2
   Is it constitutional for an employer to not provide the employee with all the duties of the job during the hiring process/orientation?

III. Issue #3
   I accepted the position, because I wanted to work with special needs individuals. Is providing these individuals with transportation to and from the facility a separate job? If not, I was not informed of this duty during the hiring process and I was not compensated for it.

Claimant's Br. at 4.

4

58, 60 (Pa. Cmwlth. 1996). A necessitous and compelling cause is one that "results from circumstances which produce pressure to terminate employment that is both real and substantial, and which would compel a reasonable person under the circumstances to act in the same manner." *Taylor v. Unemployment Comp. Bd. of Rev.*, 378 A.2d 829, 832-33 (Pa. 1977).

Notably, this Court has consistently recognized an employee's responsibility under the UC Law to notify the employer *before* voluntarily quitting. *See, e.g., Moskovitz v. Unemployment Comp. Bd. of Rev.*, 635 A.2d 723, 724 (Pa. Cmwlth. 1993) (emphasis in original) (citation omitted) (even if claimant had been subject to abusive conduct, he must provide notice to employer before voluntarily quitting); *Tewell v. Unemployment Comp. Bd. of Rev.*, 279 A.3d 644, 652 (Pa. Cmwlth. 2022) (for claimant to establish that a health condition constituted a necessitous and compelling cause to resign, he must first give notice to employer and allow employer to offer reasonable accommodations). Additionally, "[m]ere dissatisfaction with one's working conditions does not constitute cause of a necessitous and compelling nature for terminating one's employment." *Brunswick Hotel & Conf. Ctr., LLC v. Unemployment Comp. Bd. of Rev.*, 906 A.2d 657, 660 (Pa. Cmwlth. 2006) (citation omitted).

Regarding the denial of Claimant's application for UC benefits, Claimant argues he resigned under necessitous and compelling circumstances because he could not feasibly park Employer's minivan at either his residence or at Employer's facility. Claimant, however, testified that he did not communicate with Employer before he resigned and that he did not feel he was being adequately compensated for the job duties. As a result, the Board did not err when it held that Claimant

voluntarily resigned from employment and failed to meet his burden of proving that he resigned for a necessitous and compelling cause. *See Moskovitz*, 635 A.2d at 724.

Claimant's remaining issue is whether Employer violated his constitutional rights by failing to "appropriately inform [him] of the duties of the job during the hiring process." Claimant's Br. at 3. During the hearing, the Referee asked Claimant when he first found out about the Employer's minivan, to which Claimant responded, "[d]uring the training process . . .." C.R. at 70. Claimant also admitted, "I realized you had to drive [the clients], but I didn't realize I had to drive them home and pick them up in the morning." *Id.* at 71.

We need not answer whether an employer has a constitutional obligation to provide an employee with all the duties of the job during the hiring process, a proposition for which Claimant provided no legal authority. We do not reach this question because contrary to Claimant's position, substantial evidence of record supports the Board's finding that Claimant knew of the transportation obligations at the time Employer hired him. If Claimant had questions or concerns regarding the specifics of transportation responsibilities or parking, he needed to raise them with Employer before he quit. *See Moskovitz, supra*. Therefore, Claimant does not prevail on this issue.

## CONCLUSION

For the reasons set forth above, we conclude the Board did not err in determining Claimant was not eligible for UC benefits under Section 402(b) of the UC Law, 43 P.S. § 802(b). Accordingly, we affirm the Board's Order.

_____
STACY WALLACE, Judge

6

IN THE COMMONWEALTH COURT OF PENNSYLVANIA

Paul Sadowski,              :
            Petitioner   :
                       :
     v.                 : No. 1260 C.D. 2024
                       :
Unemployment Compensation  :
Board of Review,            :
           Respondent  :

# **O R D E R**

AND NOW, this 6th day of February 2026, the May 16, 2024 order of the Unemployment Compensation Board of Review is **AFFIRMED**.

_____
STACY WALLACE, Judge